(122 So. 306)

DANIEL v. STATE. (4 Div. 465.)

Court of Appeals of Alabama. Jan. 15, 1929.

Rehearing Granted April 9, 1929. Rehearing Denied May 14, 1929.

J. W. Kelley and Roy L. Smith, both of Phenix City, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brossue, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of manslaughter in the first degree and sentenced to serve a term of six years imprisonment in the state penitentiary. He was a policeman in the town of Phenix City, and killed one Charles Wilkerson while attempting to place the said Wilkerson under arrest, or to take him to the city jail, for the alleged offense of public drunkenness. While certain phases of the testimony lead us to question, in our minds, whether we, if we had been sitting as jurors, trying the case, would have arrived at a verdict of guilt against the appellant, yet the verdict returned finds clear support in the evidence, and we are without authority to overturn the action of the trial court, who saw and heard the witnesses, in denying appellant's motion for a new trial, as for any insufficiency of the evidence to sustain the jury's finding.

There appear in the transcript certain written charges, indorsed "Given," whether at the request of appellant or the state not being shown. And not in each case can we tell, from a reading of the charge so indorsed, at whose instance it was requested. Then there appears, following the said "Given" charges, some remarks by the court explaining some one or other of said charges. We cannot review the action of the trial court, complained of in this connection, by appellant's counsel, by reason of the fact that we cannot tell, from the transcript before us, the explanation that was made of any particular "given" charge. We might say that no prejudicial error is apparent because of the fact that the very full and fair oral charge of the court, when read in connection with the charges indorsed "Given," reveals that every phase of the applicable law was given to the jury, and in a way that was as favorable to appellant as he could ask. Nothing in the "explanatory" remarks, set out in the record, following the "given" charges, causes us to alter this statement.

The written charges, appearing in the record, indorsed "Refused," and shown to have been requested by appellant, have each been examined by us. Each of them, in so far as it states a correct proposition of law, and is not elliptical, confused, or otherwise faulty, we find to be in substance given to the jury in the oral charge of the court, in connection with the given written charges.

We have given the record careful study. There appears nowhere any prejudicial error, and the judgment must be, and is, affirmed.

Affirmed.

### On Rehearing.

Upon the original consideration of this case, scant consideration was given by us to the written charges, for the reason stated in the opinion, that the confused condition of the record rendered such consideration impracticable.

Upon rehearing, by consent between appellant's counsel and the Attorney General, the record has been corrected, or completed. And it now appears that written charge No. 7, given at the request of the *state*, was in the following language:

"The Court charges the jury that if they believe from the evidence in this case beyond a reasonable doubt that the defendant made an effort to arrest the deceased and was resisted by the deceased then the defendant had a legal right to call to his assistance in making the arrest, and it was his duty to call to his assistance any bystander, or number of bystanders to assist in making the arrest, if he could reasonably have done so without shooting and killing the deceased."

We think, and hold, that the giving of the above written charge, at the request of the state, was prejudicial error.

Code 1923, § 3265, makes it the *duty* of every person, when required to do so by an officer, to assist him (the officer) in making an arrest. But we are advised of no provision of law which makes it the *duty* of the *officer* to call for assistance.

For the error in giving written charge No. 7 at the request of the state, the application for rehearing is granted, the judgment of affirmance set aside, the judgment of conviction reversed, and the cause remanded.