182 So.2d 899

**Verlon LANG**

v.

**STATE of Alabama.**

**8 Div. 212.**

Supreme Court of Alabama.

Feb. 10, 1966.

Wm. C. Gullahorn, Jr., Albertville, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant was convicted of the offense of robbery and was sentenced to imprisonment in the penitentiary for thirty years. The trial court appointed counsel to represent appellant and counsel's demurrer to the indictment was sustained. Appellant was reindicted for robbery and his trial resulted in his conviction and sentence.

On December 24, 1964, Louis A. Hyatt, age 76, was operating a general merchandise store in the rural community of Ruth, in Marshall County, when he was robbed and merchandise, money, his billfold and driver's license were taken from him, and he was hit over the head and was unconscious for some time. His son found him

bleeding on the floor some few minutes later and notified the authorities. The son had seen the defendant come out of the store with shoe boxes, another man came out with shirt boxes and they left in a car, driven by appellant's younger brother, which was parked near the store.

Later, appellant and his brother were apprehended by two State Troopers on Suck Egg Road in Marshall County, and while they were being searched, appellant put a .22 caliber pistol in the side of Trooper Shell, who knocked the pistol down as appellant fired it, and appellant ran. Both troopers fired at appellant, but he got away and was later arrested.

The evidence is overwhelming that appellant participated in the robbery. Only two questions merit discussion.

■ The first is the confession of appellant. He was carried before a committing magistrate on December 28, 1964, who explained the charges against him, read to him his rights, ascertained that he did not want counsel appointed and he was sent back to jail in company with a deputy sheriff. Appellant told the deputy he wanted to talk with the sheriff. He was taken to the sheriff's office and there he made a voluntary statement as to his and his two accomplices' activities, and after it was written, he signed it.

All the evidence shows that the confession was voluntary, and the trial court so found; that accused had the charges and his rights explained to him, that he was offered services of counsel but refused, was told that he did not have to make a statement, but if he did, it could be used against him. This was more that sufficient to render the confession admissible. Duncan v. State, 278 Ala. 145, 176 So.2d 840; Lokos v. State, 278 Ala. 586, 179 So.2d 714.

■ The other question relates to a statement made by the trial court at the conclusion of his oral charge to the jury:

"COURT: Gentlemen, I would like to say this on behalf of the Court, I appreciate the fine job that the Special Prosecutor Mr. Wilkes and the Solicitor Mr. H. H. Conway did on behalf of the State of Alabama and the excellent job that Mr. Gullahorn and Mr. Aaron have done in representing the defendant. They were appointed by the Court to so represent the defendant, and they have done that in the highest tradition of their profession. Gentlemen, you will now—

"MR. GULLAHORN: I appreciate your remarks, but I must except to them and move for a mistrial.

"COURT: Overruled.

"COURT: Gentlemen, at this time, we will let you go into the jury room and the Sheriff will let you know just as soon as he is ready to take you to lunch."

Appellant contends that this reference to the fact that counsel were appointed by the court tended to "disparage the defendant" in the minds of the jury and that this comment by the court could have adversely influenced the jury against the defendant. We cannot agree.

■ It cannot be seriously contended that every expression of opinion by the court, during the progress of the trial, if erroneous, shall furnish ground for reversal. But such opinion must, in some manner, influence the result of the cause, or be supposed to do so, by being given in a charge to the jury, or by a refusal to charge, or by being connected with the exclusion or admission of evidence. Nichols v. State, 267 Ala. 217, 100 So.2d 750; Phillips v. Beene, 16 Ala. 720. See Woodard v. State, 253 Ala. 259, 44 So.2d 241.

The remark of the court that counsel for appellant were appointed by the court could have been left unsaid, but we cannot agree that the statement could have injuriously or adversely affected any substantial right

of appellant. The only reasonable conclusion the jury could have drawn from the remark was that the appellant had been well represented by appointed counsel, and that they had done their duty in the highest tradition of the legal profession. Moreover, the fact that a defendant is too poor to employ counsel and must be defended by court-appointed counsel and this, if known by the jury, would probably tend to make the jury more sympathetic toward the defendant.

We have examined the record for reversible error and find none.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.