276 So.2d 643

**Wilford LOCKETT**

v.

**STATE.**

1 Div. 211.

Court of Criminal Appeals of Alabama.

March 27, 1973.

Rehearing Denied April 17, 1973.

Reynolds T. Alonzo, Jr. and J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

DOUGLAS S. WEBB, Circuit Judge.

Defendant was convicted in the Circuit Court of Mobile County of burglary in the first degree and rape and sentenced to imprisonment in the State penitentiary for life.

Appellant was indicted by the Grand Jury of Mobile County on April 14, 1971, for burglary in the first degree and rape. He interposed a plea of not guilty to the indictment and trial was held on June 8 and 9, 1971, in the Circuit Court of Mobile County. At the conclusion of the evidence for the State the defendant moved to exclude the State's evidence and that the defendant be discharged upon the grounds that the evidence wholly failed to support the charge of robbery. This motion by the defendant was denied by the trial court. The indictment returned in this cause does not indicate that this defendant was indicted for robbery but rather for burglary in the first degree and rape.

Testimony was then taken for the defendant and the cause submitted to the jury under count one of the indictment charging the defendant with burglary in the first degree and count two of the indictment charging him with the crime of rape. The jury returned a verdict of "guilty as charged" and fixed the punishment at life imprisonment in the penitentiary. Judgment was rendered in accordance with this jury verdict and the defendant sentenced to imprisonment in the State penitentiary for life. At the time of the imposition of said sentence defendant gave notice of appeal in open court.

■ In determining whether the trial court erred in overruling the defendant's motion to exclude the evidence, the reviewing appellate court must take the evidence in the light most favorable to the prosecution. Womack v. State, 34 Ala.App. 487, 41 So.2d 429; Maxwell v. State, 34 Ala. App. 653, 43 So.2d 323; McGee v. State, 36 Ala.App. 276, 55 So.2d 223.

In this cause the State presented the testimony of Eloise Carter, the prosecuting witness, who stated that she was personally acquainted with the accused and that at the time of the alleged burglary and rape she recognized him as the perpetrator of these offenses and further recognized an automobile belonging to him when he entered it and drove away from her home.

■ This Court has held many times that where there is legal evidence from which the jury can by fair inference find the defendant guilty, this Court has no right to disturb the verdict. The weight and probative force of such evidence is for the jury. Bolton v. State, 21 Ala.App. 373, 108 So. 631; Toles v. State, 170 Ala. 99, 54 So. 511. We have further held that this tribunal will not interfere where there are inferences to be drawn from the evidence sufficient to sustain the verdict. Grisset v. State, 20 Ala.App. 601, 104 So. 845.

■ A careful examination of the record in this cause discloses no error on the part of the trial court in allowing this cause to go to the jury for a decision.

The second claim of error in this cause is that there was error to reverse upon the trial of this cause due to remarks made by the trial judge in the presence and hearing of the jury during initial interrogation of the defendant by his counsel. It appears from the record that the defendant had taken the stand in his own behalf and that counsel for the defendant was questioning the defendant, not about the case in chief, but about prior convictions, when the court said:

"I'm letting you go on with this Mr. Alonzo. Highly unusual but there's no objections from the State. But I think all of the embellishments and remarks and rocking back and forth and the laughing and so forth is out of order. I'd like for you to sit still in the witness chair and testify. This is a very serious proposition. At least it is to me."

Counsel for the defendant in a belated brief filed in this cause contends that these remarks of the trial judge were highly prejudicial tending to reduce the credibility of the defendant's testimony and implied that while the trial judge viewed such proceedings seriously, the defendant did not.

Needless to say the record in this cause does not reflect the actual demeanor or actions of this witness while on the witness stand in order that this Court might be apprised of what physical actions or conduct of the witness precipitated the remarks of the trial judge on this occasion. Appellant contends that the remarks of the trial judge in this cause were error necessitating reversal of this cause under previous holdings of this Court in Holland v. State, 24 Ala.App. 199, 132 So. 601; Nix v. State, 40 Ala.App. 357, 114 So.2d 286, cert. denied 269 Ala. 698, 114 So.2d 289; and Neal v. State, 36 Ala.App. 156, 54 So.2d 613.

■ In the cases cited and numerous others, this Court has consistently held it to be prejudicial error for a trial judge to interpose remarks in the presence of the jury detracting from the weight of the evidence being offered; calculated to impress the jury so that, in its deliberations, it will lean more to a conviction than to an acquittal; expressing an opinion on any disputed fact; expressing an opinion on the character or credibility of a witness; complimenting one attorney at the expense of another or using language which tends to bring an attorney into contempt before the jury or makes an intimation which tends to prejudice them. Williams v. State, 34 Ala.App. 253, 39 So.2d 29; Holland v. State, supra; Griffin v. State, 90 Ala. 596, 8 So. 670; Williams v. State, 18 Ala.App. 573, 93 So. 284; Moulton v. State, 199 Ala. 411, 74 So. 454; Powell v. State, 20 Ala. App. 606, 104 So. 551; Kabase v. State, 31 Ala.App. 77, 12 So.2d 758, cert. denied 244 Ala. 182, 12 So.2d 766. We have held the principle involved to be of such paramount importance as to forbid the least infringement of the rule without correction. Griffin v. State, supra; Williams v. State, 18 Ala.App. 573, 93 So. 284; Holland v. State, supra. However, each case rests upon its own peculiar facts and circumstances. As stated in Phillips v. Beene, 16 Ala. 720; Parker v. City of Birmingham,

36 Ala.App. 234, 56 So.2d 348; Nichols v. State, 276 Ala. 209, 160 So.2d 619:

> "It cannot be seriously contended that every expression of opinion by the court, during the progress of the trial, if erroneous, shall furnish ground for reversal. But such opinion must, in some manner, influence the result of the cause, or be supposed to do so, by being given in charge to the jury, or by a refusal to charge, or by being connected with the exclusion or admission of evidence."

■ With the above principles in mind let us now examine the remarks made by the trial judge in the instant case. It appears from the record in this cause that the remarks of the trial judge complained of in this case were made at a time when this defendant had not proceeded to testify with reference to any facts in the trial in chief. To the contrary the remarks of the trial judge were made at a time of preliminary questioning by defense counsel with reference to prior crimes committed by this defendant. We cannot under such circumstances hold that such remarks were or could have been calculated to reduce the credibility of defendant's testimony. On the other hand, the tenor of the remarks indicate that the trial judge on this occasion was attempting to correct the demeanor of the witness in order that his testimony might be more effective with the jury. Certainly uncalled for embellishments and remarks and rocking back and forth and laughing could not help but detract from the effectiveness of this witness's testimony to his detriment. It remains the duty of the trial judges of this State to maintain a semblance of order and decorum upon the trial of all such causes. Counsel for the defendant insists that the remark of the trial judge, "This is a very serious proposition. At least it is with me," reflected on the weight, if any, the jury gave to the testimony of this defendant and implied that the defendant did not think his testimony important. We cannot agree. In maintaining proper order and

decorum in the courtrooms of this State, trial judges are often called upon to admonish parties—witnesses, attorneys, and spectators—with reference to the seriousness of the business before the court. The expression of such a sentiment in this case was not, in the opinion of this court, directed at any particular individual but was utilized by the court in the instant case to call attention of those present to the grave nature of the proceedings then being conducted. It has often been stated by this court that:

"The trial judge, as a natural consequence of his position and the many duties devolving upon him, is necessarily vested with much discretion in the conduct of the trial of causes, and, unless it clearly appears that there has been an abuse of this discretion, appellate courts will not interfere to control such discretion, but will presume that one occupying so important a position as that of circuit judge will accord to all litigants in his court the fair and impartial trial provided for in the Constitution of this state. . . ." Dennison v. State, 17 Ala.App. 674, 88 So. 211.

In the instant case there was no expression by the trial judge on any disputed fact or of the character of a witness or one attorney complimented at the expense of another or language used by the court to bring any attorney into contempt before the jury or a remark made calculated to impress the jury so that, in its deliberations, it will lean more to a conviction than to an acquittal as in the cases cited by counsel for the appellant.

From a careful reading of the record in this cause it is the opinion of this Court that the instant cause was fairly tried and without error of such prejudicial nature as to work a reversal due to remarks of the trial judge as contended by appellant.

We have considered the entire record under Tit. 15, § 389, Code of Alabama, 1940, and conclude that error is not made to appear.

The foregoing opinion was prepared by the Honorable Douglas S. Webb, Circuit Judge, temporarily on duty on this Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama, 1940, as amended 1958.

The judgment below is hereby

Affirmed.

All the Judges concur.