BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for possessing or selling heroin, a controlled substance. He was convicted by a jury on a plea of not guilty. The Court fixed the punishment at thirty years imprisonment and a fine of $25,000. Proper judgment was duly entered. The appeal follows.
I
 Appellant contends that the trial court committed reversible error in qualifying the jury as follows:
“Q. * * * Is there anyone here who does not believe that law enforcement should use undercover agents in the apprehension,of people who sell controlled substances, drugs?
A. (No response)
*1020 Q. Any of you feel like that should not be done by law enforcement officers?
A. (No response)
Q. Do you all understand that such activities are usually clandestine in nature, they are not done openly, that they are done in secret under cover of darkness, that kind of thing?
A. (No response)
Q. All right, are there any of you who, if you were selected as jurors in this case and you saw an undercover agent who didn’t appear to be dressed like a policeman or law enforcement officer, who had altered his appearance so as to use the vernacular, to fit into the drug scene, would you be less inclined to believe him than any other witness in the case? Any other law enforcement officer?”
Defense counsel objected to the last question on the ground that it was prejudicial. We do not think the question under consideration, and to which the defense objected, was prejudicial. The question was asked, at the suggestion of the State, to determine whether any members of the venire were prejudiced against undercover drug agents. Narcotic enforcement agents do become involved in the “drug scene” and use the vernacular of the illicit traffic as an integral part of their job. It is to be noted the question did not mention the appellant, but was directed toward the activities of the undercover agents.
We fail to find any interrogation on the part of the trial court in the instant case which would indicate that the trial judge was trying to influence the prospective jurors, or that they were in fact influenced. The State had a right to find out through the Court’s questioning, if any of the jurors distrusted narcotic agents arising out of their vernacular, dress, and approach in enforcing the narcotics laws. Hinkle v. State, 50 Ala.App. 215, 278 So.2d 218(1); Lang v. State, 279 Ala. 169, 182 So.2d 899(3).
It is to be noted that the trial court, after the objection, supra, asked appellant’s counsel if he had any further questions on voir dire. Counsel then had an opportunity to request clarifying questions be propounded to the jury if he so desired.
II
The trial court allowed the impaneled jurors to separate and go their several ways. Before doing so, the Court properly admonished them not to talk with anyone about the case.
The record does not reflect any objection to this separation, nor was there a motion for a new trial. Mitchell v. State, 244 Ala. 503, 14 So.2d 132, 137(3, 4). There is no ruling of the trial court for appellate review with respect to the separation.
III
Appellant contends that the trial court committed reversible error when, prior to the beginning of the trial, it instructed the jury as follows:
“ * * * He enters this trial clothed with the presumption of innocence which is evidence in the case and remains with him until such time as the State of Alabama has convinced each and every juror beyond a reasonable doubt and to a moral certainty that he’s guilty of one of the offenses embraced within this indictment. Now that’s the sole function of the indictment. It’s an accusation. You’re not to consider it as evidence.”
We note that the jury returned a verdict of guilt without fixing a fine. The Court thereupon imposed a fine of $25,000. Such imposition was without authority of law. See T. 15, § 335, Code of Alabama 1940, now § 15-18-40, Code of Alabama 1975. This section reads:
“In prosecution by indictment, the jury shall fix and determine the amount of the fine, and no judge shall remit or reduce the fine so fixed unless he spreads his reasons for doing so in full on the minutes of the court. * * * ”
*1021 See also Osner v. State, 54 Ala.App. 520, 310 So.2d 241(9), cert. den. 293 Ala. 769, 310 So.2d 247, cert. den. 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 101.
The trial court was without authority of law to impose the sentence of thirty years imprisonment for the first offense. The maximum imprisonment for the first offense is fifteen years. § 20-2-70(a), Code of Alabama 1975. However, § 20-2-76(a), Code of Alabama 1975, reads:
“Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized or both.”
We have examined the indictment and have found that no prior narcotic conviction is averred therein. The trial court, in the absence of such averment in the indictment, was without authority to impose an imprisonment sentence in excess of fifteen years imprisonment. Funches v. State, 56 Ala. App. 22, 318 So.2d 762(2), cert. den. 294 Ala. 757, 318 So.2d 768.
We remand for proper sentence within the limit provided by law.
The judgment of guilt is affirmed and the cause is remanded as provided by law.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED; CAUSE REMANDED FOR PROPER SENTENCING.
All the Judges concur.