[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 360 
The appellant was indicted and convicted for robbery and sentenced to ten years' imprisonment. He was eighteen years old when the crime was committed.
 I
The appellant contends that the trial court wrongfully denied his request for youthful offender treatment and his motion to reconsider. He alleges that the denial was based solely on the nature of the charge.
The supplemental record clearly shows that the trial judge did not run afoul of the rule set forth in Watkins v. State,357 So.2d 156 (Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala. 1977). There we held that the trial judge may not deny youthful offender status solely on a consideration of the nature of the crime charged. Here the trial judge stated that he was "fully conversant with the facts"; that he had tried a companion case wherein Edward Green was convicted of murder; that he was not denying youthful offender status solely on the basis of the nature of the crime charged; that he had considered all the circumstances; and that he considered the statement allegedly made by the appellant. These statements of the trial judge are sufficient to establish that the denial of youthful offender treatment was not based solely on the nature of the crime charged.
The law is clear that some investigation and examination of the defendant by the trial judge is necessary before a request for youthful offender status can lawfully be denied. However the examination does not have to be lengthy or formal and has no prescribed form. Edwards v. State, 294 Ala. 358,317 So.2d 512 (1975); Watkins, 357 So.2d at 160. An investigation by a probation officer is not required. Clemmons v. State, 294 Ala. 746, 321 So.2d 238 (1975).
While the trial judge may not deny youthful offender status simply because of the nature or type of crime with which the accused is charged, it is entirely proper for a denial to be based on the manner in which the crime was executed, which would of necessity involve some form of investigation or examination, or any other circumstance which would enable the judge to make an intelligent determination of whether, in his discretion, the defendant is eligible to be treated as a youthful offender, rather than being tried and, if found guilty, sentenced in the normal criminal process. *Page 361 
 II
The appellant's statement made to two police officers after his arrest and while he was in custody was admissible in evidence even though one of the officers who was present when the statement was given did not testify in laying the proper predicate for the admission of the statement.
Detective J.R. Rigby was present during the entire interrogation of the appellant and witnessed every event which transpired. Rigby was the only witness to testify on the motion to suppress. There was nothing disclosed which would have made it the duty of the trial judge to require, as a condition precedent to the admission of the confession, that the prosecution call other officers to testify as it did not appear that the appellant was interrogated at any other place and time.
 "(T)he State, having established by the preliminary proof the voluntary nature of the confession, was not required to examine every witness present when the confession was made or to array for interrogation every person who might have had access to or conversation with the prisoner during his incarceration in order to remove the prima facie presumption of involuntariness."
 Logan v. State, 251 Ala. 441, 444, 37 So.2d 753, 755
(1948).
Logan was approved and followed in Braggs v. State, 283 Ala. 570,575, 219 So.2d 396 (1969); Redwine v. State, 36 Ala. App. 560,565, 61 So.2d 715 (1952); Davis v. State, 42 Ala. App. 374,382-383, 165 So.2d 918 (1964). This does not affect the rule that where a confession is made in the presence of several officers a proper predicate includes a showing that none of the officers offered any hope or made any threats to the accused to induce his statement. See Bennifield v. State, 281 Ala. 283,202 So.2d 55 (1967). Thus we conclude that the trial court did not err in admitting the confession and denying the appellant's motion to suppress.
 III
During the opening arguments the prosecutor made reference to the fact that the victim of the robbery, Joe McArthur, was stabbed several times. Defense counsel objected and cites as error the following remarks of the trial judge.
 "THE COURT: Just a moment, Mr. Pierson. Ladies and gentlemen of the jury, I think that the evidence will show that the victim of this alleged robbery died as a result of these wounds allegedly inflicted by someone. In any event, we are not trying the Defendant for the crime of murder, we are trying the Defendant for the crime of robbery. And, you are not to consider any evidence of the death of the victim in reaching your verdict in this case."
After defense counsel made his opening remarks and the jury was excused for a short recess, defense counsel moved for a mistrial on the basis of the judge's remark.
The trial judge does not invade the province of the jury in a criminal prosecution by stating that there is or is not evidence of particular facts when such is the case. Seibold v.State, 287 Ala. 549, 253 So.2d 302 (1970); Breedwell v. State,38 Ala. App. 620, 624, 90 So.2d 845 (1957). The trial judge may state to the jury the evidence when it is disputed. Vinson v.State, 29 Ala. App. 234, 194 So. 705 (1940); Section 12-16-11, Code of Alabama 1975. However the court should "scrupulously refrain from injecting the tremendous weight of its office to influence the jury one way or the other". Bolton v. State,23 Ala. App. 470, 127 So. 255 (1930). A judge may not "sum up" the evidence or charge upon the effect of evidence on his own motion. Pease v. City of Montgomery, 333 So.2d 221 (Ala.Cr.App. 1976).
Prior to trial the appellant filed a motion requesting the court to enter an order forbidding the prosecutor from introducing any evidence of the death or murder of Joe McArthur, the robbery victim. In arguing against the motion the prosecutor stated that *Page 362 
 "the death of Mr. McArthur connected with this robbery is also very relevant because it shows the material element of robbery in force, the amount of force used."
* * * * * *
 "And, of course, it's highly proper that we show the jury why the victim of this robbery is not testifying."
The trial judge denied the appellant's motion, the propriety of which is considered elsewhere in this opinion. However because of this motion and the arguments presented the judge had notice of what the State was going to attempt to show.
The trial judge's statement to the jury must be viewed within the context of the entire charge. Nixon v. State, 268 Ala. 101,105 So.2d 349 (1958); Beckley v. State, 353 So.2d 542
(Ala.Cr.App. 1977). "(I)solated statements which appear prejudicial when taken out of context may be innocuous when viewed in light of the entire trial." United States v. McCoy,539 F.2d 1050, 1063 (5th Cir. 1976).
To compound the alleged impropriety of the trial judge's remarks the appellant alleges that there was no evidence that McArthur actually died. During the presentation of the State's case there was testimony that McArthur was "bleeding too bad" to run; that he was bleeding badly; that he had been stabbed about the chest area a number of times and was bleeding about the face; and that there was blood all over his body. Lonnie Prince testified, in connection with the robbery that he remembered the day that "the old white man was killed"; that in the appellant's presence Lorence Green said he was going to kill the man and Donald Robertson said he was going to rob him; and that after the robbery Green said, "He killed him one". Sergeant Rodney Gale Schmitz of the Prichard Police Department testified that on the evening of the same day of the robbery he was present at the University of South Alabama Medical Center when two pictures were taken of the deceased, identified to him as Joe McArthur. The appellant's statement was admitted into evidence. In part it recites that after the robbery Green
 "came back to the big house and told all of us that he believed he killed him. He said he was trying to stab him in the heart but his arm got in the way. He said then he stabbed him in the stomach and in the chest."
* * * * * *
 "Lorence (Green) said he knew he killed him and if anybody go to jail it would be him."
This evidence was sufficient to afford a reasonable inference that McArthur was stabbed to death. Dismukes v. State,346 So.2d 1170 (Ala.Cr.App.), majority opinion reported at 346 So.2d 1173
(Ala.Cr.App.), cert. denied, 346 So.2d 1177 (Ala. 1977).
Thus, while the trial judge should not comment on what the evidence will show, under the circumstances of this case the error, if any, was harmless, A.R.A.P., Rule 45, as the facts support the judge's comment. Peyton v. State, 40 Ala. App. 556,120 So.2d 415 (1960).
The judge merely told the jury that he thought the evidence would show death but in any event this was not to be considered by the jury in reaching their verdict. Again if error existed in the comment it was cured by the court's own instructions embraced within and immediately following the comment. Lowe v.State, 54 Ala. App. 280, 307 So.2d 86 (1974).
Additionally we note that the motion for mistrial was due to be denied. A mistrial is only granted in cases of manifest necessity or when required by the ends of justice. Section12-16-233, Code of Alabama 1975. This comment did not rise to that level of impermissible comment in view of the facts we have stated above.
Remarks by the trial judge may be open to criticism, but they are not error unless they may have affected the result of the trial. Thomas v. State, 126 Ala. 4, 28 So. 591 (1900). It is not every erroneous expression of opinion by a trial judge, during trial, that will furnish a ground for reversal. To do so it must, in some manner, *Page 363 
influence the result of the cause, or be supposed to do so.Lang v. State, 279 Ala. 169, 182 So.2d 899 (1966); Parker v.City of Birmingham, 36 Ala. App. 234, 56 So.2d 348, cert. denied, 256 Ala. 633, 56 So.2d 352 (1952). Each case rests upon its own peculiar facts and circumstances. Lockett v. State,50 Ala. App. 58, 276 So.2d 643 (1973).
 IV
The appellant cites error on the repeated references by the district attorney to the death of McArthur.
In robbery, the force or intimidation employed is the gist of the offense. Baker v. State, 344 So.2d 547, 549 (Ala.Cr.App. 1977). The person assaulted may show the nature and extent of the violence inflicted upon his person by the robber. Brown v.State, 120 Ala. 342, 25 So. 182 (1899). The victim may testify to the character, extent, and duration of his injuries. Kyzerv. State, 250 Ala. 279, 33 So.2d 885 (1948); Smith v. State,207 Ala. 428, 93 So. 397 (1922). Evidence of the nature and extent of the violence inflicted on the victim by the robber is competent. Anderson v. State, 209 Ala. 36, 95 So. 171 (1922);Henderson v. State, 172 Ala. 415, 55 So. 816 (1911); Brown v.State, 339 So.2d 125 (Ala.Cr.App. 1976).
In this case evidence of the stabbing of McArthur by Green was admissible as part of the res gestae and as being inseparately connected with the charged robbery. The murder and the robbery were parts of one continuous transaction or one continuous criminal occurrence. Brown v. State, 338 So.2d 1050,1052-1053 (Ala.Cr.App. 1976).
In his confession the appellant states that after Robertson had already gotten "something" from the old man, Green told McArthur to give him some money. Then Robertson and the appellant left. When Green came to the "big house" he told them that he had killed the old man. From the appellant's own confession it is clear that he knew Robertson was "going to see what he's (McArthur's) got and try to get him", and that he walked down to the railroad tracks where the robbery occurred from the big house with Robertson. Under the appellant's own confession Green was still in the process of attempting to rob McArthur when the appellant walked away. After the crime Robertson gave the appellant one dollar.
However Prince testified that the appellant was present when Robertson said he was going to rob McArthur and Green said he was going to kill him. Prince's testimony would involve the appellant in a conspiracy not only of robbery but also of murder.
Under these facts the admission of evidence of the death of McArthur was clearly admissible. Yet throughout the course of the trial and in his oral charge to the jury the trial judge carefully and consciousnessly instructed the jury that the appellant was not charged "with homicide in any form or fashion". "And, you may not, under any circumstances, consider the death of Mr. McArthur in arriving at your verdict in this case." On several occasions the judge sustained defense counsel's objections to the prosecutor's questions and argument concerning the murder and instructed the jury that they were not to consider it. In so doing he cured any prejudicial effect the comment may have had.
 V
The evidence in this case was sufficient to support the verdict. From the evidence presented the jury would be justified in finding that the appellant was present, but said nothing, when Robertson planned the robbery and when Green said he was going to kill the "old man"; that the appellant voluntarily walked with Robertson to the railroad tracks in front of the victim and that Green followed; and that the appellant stood by while Robertson actually robbed the victim and while Green demanded more money from the victim. There was no evidence that the appellant was present when McArthur was stabbed by Green. The appellant told Robertson to give him a dollar and actually received one of the six dollars taken from McArthur. *Page 364 
When, by prearrangement or on the spur of the moment, two or more persons enter on a common enterprise or adventure and a criminal offense is contemplated, each is a co-conspirator, and, if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. Conleyv. State, 354 So.2d 1172 (Ala.Cr.App. 1977). Where several persons participate in a robbery, all are guilty as principals.Gross v. State, 56 Ala. App. 387, 321 So.2d 727, cert. denied,295 Ala. 403, 321 So.2d 729 (1975). While criminal agency in another's offense is not shown merely by an exhibition of passivity, Pugh v. State, 42 Ala. App. 499, 169 So.2d 27 (1964), it is immaterial which one "takes" the property. Johnson v.State, 57 Ala. App. 470, 329 So.2d 160 (1976), Hood v. State,18 Ala. App. 287, 92 So. 30 (1921), Parsons v. State, 33 Ala. App. 309, 33 So.2d 164 (1948), or which one is the "leader" of the group. Bascom v. State, 344 So.2d 218 (Ala.Cr.App. 1977). The appellant did not have to personally place the victim in fear or commit violence against him. Crutcher v. State, 55 Ala. App. 469, 316 So.2d 716 (1975). The appellant's presence in connection with his companionship, and his conduct at, before, and after the commission of the robbery, were potent circumstances from which his participancy could be inferred and this evidence was sufficient to support a conviction. Smith v.State, 57 Ala. App. 151, 326 So.2d 680, cert. denied. 295 Ala. 419, 326 So.2d 686 (1975). The evidence would support a finding that the appellant was present, ready to aid, abet, or assist in the perpetration or commission of the offense. Presence with intent to give aid if necessary constitutes aiding and abetting if the principal knew of the accused's presence with intent to aid. Maxwell v. State, 34 Ala. App. 653, 43 So.2d 323 (1950). This was a question for the jury under the evidence.
We have searched the record for error and finding none affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.