The defendant was indicted and convicted for the first degree murder of Marion Dortch, alias Quasim Bilal El-Amin. Sentence was life imprisonment.
 I
On appeal, the defendant alleges that error was committed because the court reporter failed to transcribe the prosecutor's opening statement.
A supplemental transcript was filed in this Court. It contains the opening statement of defense counsel and the closing statements of the assistant district attorney and defense counsel. In an introduction to this transcript we learn why the court reporter's failure to transcribe the prosecutor's opening statement was not error.
 "The opening statement of counsel for the State, Louis Gillis, does not appear due to the fact that the Court Reporter, Gail Morgan, failed to transcribe said opening statement as requested by Defendant's counsel and ordered by the Court. However, no objections were made by counsel for the Defendant during the opening statement by counsel for the State, Mr. Gillis."
Since defense counsel made no objection he has no legitimate cause to now complain.
 II
The defendant also argues that the record does not reflect his motion to exclude made at the close of the State's case. While admitting in his brief that the ruling of the trial judge denying this motion "most likely was correct", it is argued that "a silent record has a `chilling effect' upon a defendant's right to an appeal."
The rules of appellate procedure recognize this chilling effect and provide for the correction or modification of the record on appeal. Rule 10 (f), Alabama Rules of Appellate Procedure. This rule specifically authorizes the correction of an omission from the record. This rule was not used to supply the complained of omission.
The defendant and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a correct record. Tyus v. State, 347 So.2d 1377, 1380
(Ala.Cr.App.), cert. denied, 347 So.2d 1384 (Ala. 1977). Additionally, we note that counsel could have preserved this alleged error by filing a motion for a new trial containing such grounds as the insufficiency of the evidence to support a *Page 302 
conviction and the failure of the State to prove a prima facie case.
We have thoroughly examined the evidence and conclude that the jury was amply justified in reaching its verdict of first degree murder. The State's evidence shows that the defendant shot his victim, a total stranger, without apparent cause or reason.
 III
Immediately before sending the jury to the jury assembly room for a short recess, the trial judge inquired: "Does anyone have any objection to the Jury separating during recesses?" Defense counsel replied "No, Your Honor."
This is the only reference to this matter which appears in the record. While the action of the trial court was improper, Alabama Code Section 12-16-9 (1975), there is no objection by defense counsel. Alleged prejudice resulting from an improper jury separation cannot be raised for the first time on appeal.Luttrell v. State, 357 So.2d 1018 (Ala.Cr.App. 1978); Cooper v.State, 340 So.2d 871 (Ala.Cr.App.), cert. denied, 340 So.2d 872
(Ala. 1976).
 IV
The defendant's inculpatory statement was properly admitted. When Montgomery Police Officer R.C. Stroude first stepped into the room where the body of the deceased was located, he asked, "Did anyone here see what happened?" The defendant replied, "I shot him." The spontaneous statement of a defendant made during a general on-the-scene investigation of the facts surrounding the crime is admissible against the defendant even though it was made before he was given the warnings required by Mirandav. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).Kelley v. State, 366 So.2d 1145, 1148-49 (Ala.Cr.App. 1979);Espy v. State, 365 So.2d 356 (Ala.Cr.App. 1976).
 V
Although the defendant's prior criminal record may not have been admissible to impeach him if initially introduced by the State, the matter of the defendant's record was initially injected into the trial by defense counsel on direct examination of the defendant. The State was then entitled to cross examine the defendant on his past record to the extent it did. Green v. State, 352 So.2d 1149 (Ala.Cr.App. 1977); Bakerv. State, 344 So.2d 547 (Ala.Cr.App. 1977). See also Pugh v.State, 355 So.2d 386 (Ala.Cr.App.), cert. denied, Ex partePugh, 355 So.2d 392 (Ala. 1977); Conley v. State,354 So.2d 1172, 1178 (Ala.Cr.App. 1977); Alabama Code Section 12-21-162
(1978).
We have carefully searched the record and found no error prejudicial to the accused. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.