EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal is from the granting of a zoning variance whereby an eight story hotel instead of one of only six stories in height could be validly constructed upon a lot owned by Southbridge.
When the variance was allowed by the zoning board of adjustment, Mrs. Fuller, a contiguous landowner, appealed to the circuit court, where a jury trial de novo ensued. The jury, likewise, permitted the zoning variance. Mrs. Fuller further appealed and those proceedings were recently transferred to this court by the supreme court.
1
During the course of the trial in Birmingham, a local newspaper printed an article in the February 18, 1982 issue which did not mention the court trial but which described some efforts by an association to fight the construction of the planned hotel in that neighborhood. The article generally described some prior actions taken by the association in that regard as well as its unsuccessful efforts on the date of the article to have the Southbridge property rezoned by the city so as to prohibit the building of hotels within that zone. Comments of neighborhood residents and of some city officials were contained therein.
In the trial judge’s chambers before the trial resumed on the morning of February 19, 1982, the trial court called the attention of the involved attorneys to the newspaper article. Its possible impact upon the jury was discussed, and the trial court and counsel each expressed concern as to any prejudicial effect which the article might have produced upon the jury and the action to be taken by the trial court to remedy the situation. Instantly upon the resumption of the trial the following transpired:
“THE COURT: Good morning to you, ladies and gentlemen of the jury. Before we get started this morning, ladies and gentlemen, I want to ask you if during the course of the week, if there is any one of you who has seen an article, one or more articles in the paper concerning either directly or indirectly the building of the hotel on the site that we have been talking about this week? Have you seen such an article or one or more of them? Raise your hands, please. Keep them up just a little bit longer, please. I want the record to show that every one on the jury, except Mr. Wesley and Mr. Gant have seen it, so we have an extra, and Mrs. Marshall has seen it also. So that’s eleven out of thirteen.
“Now, I know that you ladies and gentlemen of the jury know that we don’t try a lawsuit on something that is written in the newspaper. I’m going to ask you to just disregard anything that you may have seen or read in connection with this matter. In the first place, it could lead you to the wrong impression, either one way or the other, pro or con, and that just wouldn’t be right. You wouldn’t be serving as a juror and you wouldn’t be honoring your oath to try the case based upon the evidence that comes to you from this witness stand and upon the law that the Court gives you. That is what we are to try this case on, not something that’s written in the newspaper, because for one thing, about three-fourths of the article is incorrect, which is not unusual for newspapers, and I’m not trying to reflect upon the young lady that wrote the article. She feels like she is just doing her job. But it’s absolutely without a doubt about three-fourths of it is absolutely incorrect.
“MR. LONG: Your Honor, we would like to have an exception to the Court’s statement to the amount of the article that is incorrect.
“THE COURT: All right, sir. So what I’m saying to you, ladies and gentlemen *496 of the jury, is disregard anything you have read about it, any impression that you may have formed. Just put it out of your minds. You try the case and render a verdict in this case based upon the evidence that comes to you from this witness stand and upon the exhibits that are in the case and upon the law that the Court gives to you. Do each of you feel like you can do that? Is . .. there anyone that feels like they can’t do it? All right. Thank you very much. All right. Next witness.”
Mrs. Fuller first contends that the trial court erred in its remark to the jury that three-fourths of the article was incorrect.
“The trial judge’s statement to the jury must be viewed within the context of the entire charge. Nixon v. State, 268 Ala. 101, 105 So.2d 349 (1958); Beckley v. State, 353 So.2d 542 (Ala.Cr.App.1977). ‘(I)solated statements which appear prejudicial when taken out of context may be innocuous when viewed in light of the entire trial.’ United States v. McCoy, 539 F.2d 1050, 1063 (5th Cir.1976).

“[I]f error existed in the comment it was cured by the court’s own instructions embraced within and immediately following the comment. Lowe v. State, 54 Ala.App. 280, 307 So.2d 86 (1974).

“Remarks by the trial judge may be open to criticism, but they are not error unless they may have affected the result of the trial. Thomas v. State, 126 Ala. 4, 28 So. 591 (1900). It is not every erroneous expression of opinion by a trial judge, during trial, that will furnish a ground for reversal. To do so it must, in some manner, influence the result of the cause, or be supposed to do so. Lang v. State, 279 Ala. 169, 182 So.2d 899 (1966); Parker v. City of Birmingham, 36 Ala.App. 234, 56 So.2d 348, cert. denied, 256 Ala. 633, 56 So.2d 352 (1952). Each case rests upon its own peculiar facts and circumstances. Lockett v. State, 50 Ala.App. 58, 276 So.2d 643 (1973).”
McCovery v. State, 365 So.2d 358 (Ala.Cr.App.1978).
The trial court’s prompt instruction, after the objection was made, cured any error occasioned by the comment upon the accuracy of the article. While that remark might well have been left unsaid, it does not appear to have been so grossly improper or highly prejudicial as to be ineradicable. Any effect which the statement of the trial court might have had upon the jury was eradicated by the instructions which were given before and directly after the remark. The entire charge, and not just that observation of the trial judge, must be considered.
This was not per se a comment upon the evidence, for the newspaper article was never before the jury as an exhibit nor were its contents described to them through the court proceedings. The remark was about the article. As to whether anything contained in the publication was in accordance with, or contrary to, any part of the trial evidence, we have no means of knowing, for the record furnished to us does not contain any of the trial testimony.
We cannot hold as a matter of law that the observation of the trial court influenced the result in the case. We have nothing in the record which indicates that the trial court’s remark influenced the jury, either favorably or adversely, as to any party. To the contrary, the record includes the court’s instructions whereby the jurors were told in no uncertain terms to totally disregard the entire publication and any impression which they might have formed from it. Without exception, the members of the jury indicated that they could follow that directive.
We deem the quoted law from the McCovery case, supra, to be decisive that no reversible error exists as to this particular issue.
2
The oral charge of the trial court instructed the jury, in part, as follows:
“Now, no variance shall be authorized unless the jury finds and is reasonably satisfied from the evidence that the following conditions exist, and there are *497 some four conditions, ladies and gentlemen, that I am about to read to you.”
Immediately following that portion of the oral charge, the circuit court defined each of the four conditions. Mrs. Fuller duly excepted to the above quoted charge on the ground that it failed to instruct the jury that a11 of the four conditions must exist before a zoning variance is authorized.
The oral charge of the court was clear and to the point that, before the jury might grant a zoning variance, it must be reasonably satisfied from the evidence that the “following conditions exist, and there are some four conditions.” That charge means that each and every one of the four conditions must have been met before any variance would be authorized and was a correct statement of the law in that respect. The issue raised is without merit.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.