ON REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
On April 12,1983, appellant filed a timely application for rehearing and a short brief in support of the application. Four days before the receipt of the application for rehearing, the office of the Clerk of this Court received a notice from the Clerk of the Circuit Court that a “Motion to correct record was filed 11/9/82 and granted by Judge Cole on 11/19/82.” This information has influenced us, whether wisely or not, to withhold determination of the application for rehearing until the record was corrected as ordered by the trial court, which was accomplished by the filing in this Court of a supplemental transcript on June 30, 1983, which contains the court reporter’s transcript of an electronically taped detailed telephone conversation between appellant’s attorney and Ms. Debra Tipton, a witness for the State whose testimony is referred to in the opinion on original submission, which taped conversation was played to the jury on the trial, but had not been transcribed by the court reporter at the time of the original submission.
In his brief on application for rehearing, counsel for appellant states, inter alia:
“Appellant must respectfully submit that this Honorable Court has erred by failing to remand this matter to the trial court to correct the record by including a copy of Defendant’s Exhibit [Defendant’s Exhibit 1, to which the trial court sustained the State’s objection, which ruling was considered, as shown by the opinion, on original submission]. Has appellant or counsel failed in any way to present the issue in order to have a meaningful appellate review. Counsel for Appellant asks that the exhibit be included in the record *988 so that this court might review the trial court’s refusal to allow it into evidence. “The court reporter has quite obviously neglected to include it in the record. Initially the reporter failed to transcribe the tape recording played before the jury which required a motion to correct the record.
“Does it now seem appropriate for this Honorable Court to order the trial court to include the exhibit so that appellate review may be completed.”
Counsel for an appellant, including an appellant in a criminal case, is not to be absolved of all responsibility in submitting a case on appeal without first having determined whether the record proper and the reporter’s transcript of the proceeding reflect all of the proceedings in the trial court that are necessary for a proper disposition in the appellate court of any and all issues raised by appellant. See Rule 10(f), as amended October 2, 1978, of the Alabama Rules of Appellate Procedure, as to which it was stated in Weaver v. State, Ala.Cr.App., 401 So.2d 344, 348 (1981):
“By its plain wording Rule 10(f) extends broad coverage and protection to the parties in having material omissions of ‘what occurred’ added to the record. Moreover, Rule 10(f) provides broad power in the appellate courts to direct that omissions be corrected and to determine ‘all other questions as to the form and content of the record.’ ”
See also, Pope v. State, Ala.Cr.App., 387 So.2d 300, 301 (1980), which states: “The defendant and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a correct record.” Notwithstanding the tardiness of appellant’s present request, we yield to his importunity, in the interest of justice, to remand this cause to the trial court with directions that it take such action that it can to assure that this Court will receive within a reasonable time a supplement to the record that contains the original or a copy of defendant’s Exhibit 1, to the offer of which in evidence the trial court sustained the State’s objection. The trial court shall make a return within due course to this order of remandment, with copies thereof to the parties. Each of the parties will then have fifteen days within which to file a brief on the particular point, and the opposing party will have fifteen days thereafter to file a reply brief.
APPLICATION FOR REHEARING GRANTED; JUDGMENT OF AFFIRMANCE SET ASIDE; OPINION EXTENDED.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
On September 15, 1983, there was filed with the Clerk of this Court a photocopy of defendant’s Exhibit 1, to which references were made in our opinion on original submission and on rehearing. On September 29, 1983, appellant filed a brief and argument in which he continues to contend that the trial court was in error in sustaining the State’s objection to the admission in evidence of defendant’s Exhibit 1.
The brevity of defendant’s Exhibit 1 is encouragement to a recital herein of the exhibit in its entirety, but some of it is so indistinct as to discourage a reproduction thereof. We accept as correct what appellant contends is a conflict between what defendant’s witness Deborah Tipton stated in her report and what she stated to defendant’s attorney in a telephone conversation, which was tape recorded and which tape recordation was played to the jury, as found in appellant’s brief as follows:
“In the telephone conversation which was admitted into evidence, Ms. Tipton stated:
“ ‘MS. TIPTON: Let’s see, subject No. 1, your client, put the merchandise in the bag. (Emphasis added).
“ ‘MR. POLSON: RIGHT.
*989 “‘MS. TIPTON: Concealed it. Subject No. 2 walked out the door with subject No. 1 at his side.’
“The report which the jury did not have benefit of during deliberation reflects that Appellant is referred to as subject # 2.”
Appellant further states in his brief:
“Ms. Tipton testified on cross-examination:
“ ‘Q. And you couldn’t possibly remember all the details unless you had this report?
“ ‘A. No, sir.
“‘Q. That your story today to this jury is subject No. 2, which is him, who you say is him, and got the shirts and put them in the bag that subject no. 1 had, right? (Emphasis added).
“‘A. Yes, sir.
“ ‘Q. And subject no. 1, who was Willie Peak, left the store with the merchandise, and that’s who actually had the merchandise when you stopped him out there in the hallway, right?
“ ‘A. Willie Peak was holding the sack when I stopped him, yeah.’
“The contradiction in who was subject # 1 and who was subject # 2 is readily apparent. The jury had the right to consider the report as impeachment evidence of prior inconsistent statement given by the witness. It was grievous and prejudicial error for the court to fail to admit the documents.”
Even assuming that there may have been some conflict between the testimony of Deborah Tipton and what she stated in the taped conversation between her and defendant’s attorney, which was played to the jury, we find no conflict between her testimony and anything that is to be found in defendant’s Exhibit 1, which was the basis of appellant’s argument, which was referred to and quoted from in our opinion on original submission, and which was summarized in appellant’s brief at that time as follows:
“Appellant submits that the report was admissible to show the contradiction between the witness’ own report and her testimony at trial on direct examination.”
The trial court was correct in sustaining-the objection of the State to the introduction in evidence of defendant’s Exhibit 1. Moreover, it is to be noted that defendant had the benefit of whatever conflict there may have been between what the witness testified and what she stated in her taped conversation with counsel for defendant, which was played to the jury, and there was no injury to defendant as a result of the court’s ruling as to defendant’s Exhibit 1.
The judgment of the trial court should be affirmed.
AFFIRMED.
All the Judges concur.