Thomas Harry Petty, Jr., was convicted for the first degree robbery of William Smith and sentenced to 27 years' imprisonment. This appeal is from that conviction.
 I
Petty's pretrial motion to suppress was properly denied.
The robbery in this case was committed by Petty, Kevin Cole, and Ronnie Cole, Jr. Although separately indicted, all 3 defendants were joined for trial. Each defendant had given the police at least one statement.
Prior to trial, Petty filed a pretrial motion to suppress the 2 statements he gave the police. An evidentiary hearing was held at which conflicting evidence was presented on the issues of the voluntariness of his statements, whether Petty had understood his constitutional rights, and whether the statements were the result of the promise of a lighter sentence. The trial judge denied the motion to suppress.
There is an indication in the record that the prosecutor commented in his opening argument on the statements made by the three defendants. The prosecutor's opening statement was not transcribed and the record contains no objection to any comment by the prosecutor.
During the voir dire of the jury venire, the attorneys for both of Petty's 2 co-defendants questioned the venire about their consideration of the statements.
At trial, after both victims of the robbery had testified and after all 3 defendants had been identified, Petty's defense counsel objected to the introduction of evidence of the confessions on the basis of Cruz v. New York, 481 U.S. 186,107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). That case held that "where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, . . . the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him." 481 U.S. at 193,107 S.Ct. at 1719.
Based on the authority of this case, the trial judge suppressed the statements made by all 3 defendants and advised the attorneys that he was "limiting any reference to alleged confessions or statements." No additional or further corrective action was requested by any defense counsel for any defendant.
In his oral charge, the trial judge carefully and fully instructed the jury to disregard "anything that was said by any of the attorneys concerning any alleged statements."
The State's motion to consolidate was filed 6 days before Petty's motion to suppress was filed. The motion to consolidate was granted the same day the motion to *Page 634 
suppress was denied. Despite this knowledge, all 3 defendants attacked only the voluntariness of their confessions prior to trial. The conflict in the evidence of voluntariness created a question of credibility of the witnesses, which only the trial judge could resolve. Cox v. State, 489 So.2d 612, 621
(Ala.Cr.App. 1985). The trial judge's finding of voluntariness of the confessions is supported by substantial evidence, is not clearly erroneous, and is, therefore, due to be upheld.
The trial judge's exclusion of the confessions at trial was based upon the confrontation clause of the Sixth Amendment, not the Fifth Amendment privilege against self-incrimination. By raising only the Fifth Amendment objection prior to trial, Petty waived any Sixth Amendment objection. "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). "With knowledge at the time of trial of the facts forming a basis for an objection to trial, it constitutes a species of estoppel for one to forego an objection and proceed with the trial. . . ." Hill v. State, 57 Ala. App. 437, 440,329 So.2d 126, cert. denied, 295 Ala. 406, 329 So.2d 132 (1976). When Petty did raise the Sixth Amendment objection, it was granted. Consequently, Petty has no ground for legitimate complaint.
 II
Because all three defendants participated in the same robbery and were part of the same offense, they could have been charged in a single indictment. Rule 15.4(a), Temp.A.R.Cr.P. Consequently, they were properly joined and consolidated for trial. Rule 15.4(b). See Holsemback v. State, 443 So.2d 1371,1374 (Ala.Cr.App. 1983).
All 3 defendants were present at the beginning of the trial. Mrs. Annie Smith testified that three men robbed her and her husband. She identified Petty and Ronnie Cole but could not identify Kevin Cole as being one of the robbers. William Smith testified that he and his wife were robbed by 3 men. The trial recessed for the day and on the next day Mr. Smith testified further and was able to identify Ronnie and Kevin Cole.
However, on the second day of trial, Kevin Cole did not appear, even though the trial judge had personally advised him "to come early in case [his] attorney needed to confer with [him]." Petty and Ronnie Cole moved for a mistrial on the basis of Kevin Cole's absence. Petty argues, in effect, that Cole's absence proves that the cases should not have been consolidated.
There is no evidence that anyone, including the trial judge, could have anticipated Kevin Cole's absence on the second day of trial. "[N]ormally, a reviewing court determines the correctness of a trial court's ruling 'as of the time when it was made and according to what the record shows was before the lower court at that time.' " Henry v. State, 468 So.2d 896, 899
(Ala.Cr.App. 1984), cert. denied, Ex parte Henry, 468 So.2d 902
(Ala. 1985). For that reason, the order of consolidation must stand. Additionally, the trial judge acted well within his discretion in denying Petty's request for a mistrial based on Kevin Cole's absence. A trial judge must be afforded broad discretion in determining whether to proceed with the trial of multiple defendants where one defendant is absent and has waived his right to be present at trial. United States v.Sanchez, 790 F.2d 245, 250-52 (2d Cir. 1986), cert. denied,479 U.S. 989, 107 S.Ct. 584, 93 L.Ed.2d 587 (1986). "The decision whether to sever a joint trial is a matter within the discretion of the district court, and we will reverse only if that discretion was abused. In arguing an abuse of discretion, a party must make a strong showing of prejudice." United Statesv. Lochan, 674 F.2d 960, 967 (1st Cir. 1982). No defense lawyer requested any instruction limiting the inferences the jury could draw from Kevin Cole's absence but sought only the extreme relief of a mistrial. "Counsel is ill advised to forgo pursuit of an easy remedy, such as a limiting instruction, in the hope that we will find failure to provide a more drastic remedy, *Page 635 
such as severance, reversible error." Lochan, 674 F.2d at 969.
Under these circumstances, we find that Petty's pretrial motion for severance was properly denied as was his subsequent motion for a mistrial.
 III
At the conclusion of the first day of trial, Petty's defense counsel stated, "Judge, my man was just arraigned this morning, and he's 20 years old, and we want to apply for youthful offender." The next morning the trial court advised Petty of the provisions of the Youthful Offender Act, considered Petty's testimony in this regard, and then denied the application based upon having heard the testimony of the two victims of the charged offense "concerning what actually happened, and considering the serious nature of this offense which is first degree robbery, a Class A Felony."
"The Youthful Offender Act vests in the trial judge almost absolute discretion to grant or deny youthful offender status after making an appropriate investigation." Morgan v. State,363 So.2d 1013, 1015 (Ala.Cr.App. 1978). "[T]he examination does not have to be lengthy or formal and has no prescribed form." McCovery v. State, 365 So.2d 358, 360 (Ala.Cr.App. 1978). "This court will not overturn that exercise of discretion except where it affirmatively appears that the decision of the trial judge was arbitrary or made without some examination or investigation of the youthful offender." Morgan,363 So.2d at 1015. "While the trial judge may not deny youthful offender status simply because of the nature or type of crime with which the accused is charged, it is entirely proper for a denial to be based on the manner in which the crime was executed, which would of necessity involve some form of investigation or examination . . . .," McCovery,365 So.2d at 360. Here, the evidence shows that during the robbery Petty repeatedly struck Mr. Smith on the head with a metal pipe and was the most aggressive and violent of the robbers. These facts support the denial of youthful offender status.
Ordinarily, the determination of whether to treat the accused as a youthful offender should be made prior to trial. Alabama Code 1975, § 15-19-1. However, the denial of that status only after the trial has begun does not warrant a reversal of the conviction where the denial is not arbitrary and does not constitute an abuse of discretion. Turner v. State,432 So.2d 4, 5 (Ala.Cr.App. 1983) (status denied only after close of evidence and presentation of final arguments).
 IV
Petty argues that the prosecutor, in his closing argument, improperly commented on the conduct of the defendants. The record does not show exactly what the prosecutor said. Defense counsel objected and requested a mistrial. The trial judge responded with the following instructions to the jury:
 "THE COURT: Ladies and gentlemen of the jury, the last remark of the District Attorney is to be disregarded by you. It is improper, and the court is sustaining an objection to that remark in which he said, 'I don't know if you noticed their expressions while they're up here,' or words or substance in effect that he wonders if they have any remorse or any feelings about what was done to the Smiths. You're to disregard that, and I'm just giving my recollection of what the District Attorney said. You're to disregard those comments. As I said, they're improper, and you should not consider them in any way in your deliberations. I want to know if there are any of you who cannot disregard what has just been said by the District Attorney? Is there anyone who cannot put that out of your mind and completely and totally disregard that in your deliberations?
"(No one answered.)
 "THE COURT: I see no reaction from the jury. I take it by your silence, then, that you're telling the court that you will disregard the last comments in your deliberations. You are so instructed, and I expect you by your silence to follow the court's instructions." *Page 636 
"A crucial assumption underlying the jury system is that juries will follow the instructions given them by the trial judge."Dobard v. State, 435 So.2d 1388, 1346 (Ala.Cr.App. 1982), affirmed, Ex parte Dobard, 435 So.2d 1351 (Ala. 1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984). "There is a prima facie presumption against error where the trial court immediately charges the jury to disregard the prosecutor's improper remarks." Chambers v. State,382 So.2d 632, 635 (Ala.Cr.App.), cert. denied, Ex parte Chambers,382 So.2d 636 (Ala. 1980).
 V
The trial judge properly refused to instruct the jury on assault in the first, second, and third degrees as lesser included offenses of the robbery charged in the indictment. There was no rational basis for a verdict convicting Petty of such an included offense. Alabama Code 1975, § 13A-1-9(b).
Our review convinces us that Petty received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.