AFTER REMAND FROM ALABAMA SUPREME COURT
McMILLAN, Judge.
This cause was remanded to this Court pursuant to Vickers v. State, 547 So.2d 1191 (Ala.1989), wherein it was determined that the appellant was in custody for speeding and, because he ran away before signing the bond, the appellant could have been found guilty of escape in the third degree.
The appellant argues that the trial court erred in refusing his requested lesser included offense instructions for refusal to aid a police officer, under § 13A-10-5, Code of Alabama (1975). A person commits this offense if he fails or refuses to aid a peace officer, upon a command by a peace officer identified to him as such, in securing a lawful arrest or preventing another person from committing an offense. § 13A-10-5, Code. This section is intended to apply, not to perpetrators of the offense, but to private citizens who are bystanders or in a position to be recruited by the peace officer in effecting an arrest or preventing an offense. See generally Welch v. State, 28 Ala.App. 273, 281, 183 So. 879, 886 (1938), cert. denied, 236 Ala. 577, 183 So. 886 (1938); Daniel v. State, 23 Ala.App. 188, 189, 122 So. 306, 307 (1929); Suell v. Derricott, 161 Ala. 259, 49 So. 895, 901 (1909). Therefore, the facts of the instant offense would not have merited such an instruction. Moton v. State, 524 So.2d 381, 383 (Ala.Cr.App.1988), nor did a rational basis exist for a verdict convicting the appellant of such a lesser included offense. Petty v. State, 548 So.2d 632 (Ala.Cr.App.1989).
AFFIRMED.
All Judges concur.