# Garner *v.* The State.

## *Violating Prohibition Law.*

(Decided Jan. 18, 1912.   57 South. 502.)

1. *Indictment and Information; Conviction of Other Offense.*— One cannot be convicted for an offense not charged in the indictment.

2. *Intoxicating Liquors; Illegal Sale; Evidence; Instruction.*— Where the defendant was indicted for manufacturing, selling, offering for sale, etc., of prohibited liquor, and the evidence showed for the state that the defendant personally sold liquor, but the defendant's evidence denied the sale, and showed that defendant had previously leased the room to another who was the owner and operating the soft drink stand where the alleged sale took place, and there was a conflict in the evidence, as to whether the defendant had ever been behind the counter or otherwise indicated any interest in the business, a .charge asserting that if the liquor was kept there, and the defendant rented the place knowing that liquor was kept for sale, he would be guilty even though no sale was made, was prejudicial, and outside the issue.

APPEAL from Anniston City Court.

Heard before Hon. A. H. ALSTON.

Jack Garner was convicted of violating the prohibition law and he appeals. Reversed and remanded.

KNOX, ACKER, DIXON & STERNE, for appellant. The court erred in instructing the jury to find the defendant guilty if he knew that intoxicating liquors were kept for sale at his place. The defendant was not indicted under such a charge.—Acts 1909, p. 63; 69 Is. 124; 15 Atl. 68. The court erred in charging that the witness Smith was corroborated by witness Phillips. The court erred in charging the jury as to the construction to be placed upon the defendant's testimony.— *Stanley v. Nelson,* 28 Ala. 515; *McNeel's case,* 102 Ala. Ala. 121; *Greenwood's case,* 99 Ala. 501. A witness cannot corroborate himself or fortify his testimony by

[Garner v. The State.]

proving his declaration and acts.—*Childs v. The State,* 55 Ala. 25; *James v. The State,* 115 Ala. 83; *Pope v. The State,* 53 South. 295. The court erred in charging the jury not to consider the failure of the state not to call Mackey as a witness.—*Jackson v. The State,* 77 Ala. 18; *Bates v. Morris,* 101 Ala. 287; *Graves v. United States,* 150 U. S. 118. The court erred in refusing to permit the cross examination attempted by the defendant.—*Phoenix I. Co. v. Copeland,* 86 Ala. 551; *Snell v. Roach,* 150 Ala. 469; *L. & N. v. Hill,* 115 Ala. 334.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was sufficient, and the words without license was surplusage.—*Mitchell v. The State,* 141 Ala. 90; *Cox v. The State,* 96 Ala. 60; *Bogan v. The State,* 84 Ala. 449; *Powell v. The State,* 69 Ala. 10. Time was not an ingredient of the offense, and not necessary to be averred.—*Dunkler v. The State,* 112 Ala. 70; *McDowell v. The State,* 61 Ala. 172. Counsel discuss the evidence, but without further citation of authority.

DE GRAFFENRIED, J.—No proposition is more familiar than that a man cannot be indicted for an offense, and under that indictment suffer a conviction of an offense not named in the indictment. A man cannot be indicted for the larceny of a horse, and under that indictment be convicted of the larceny of a mule. In the present case the defendant was indicted for manufacturing, selling, offering for sale, giving away, furnishing at a public place, or otherwise disposing of spirituous, vinous, or malt liquors. While the language of the indictment was broad, it did not contain an averment that the defendant did "let or suffer a person,

[Garner v. The State.]

firm or corporation to use any premises which he owned or controlled for the illegal sale or manufacture, or other unlawful disposition, of spiritous, vinous, or malt liquors," which is made a misdemeanor under the provisions of section 1 of an act entitled "An act to further suppress the evils of intemperance," etc., approved August 25, 1909. General and Local Acts Special Session 1909, p. 63.

On the trial the state offered evidence to show that within the period covered by the indictment the defendant, in violation of law, had sold intoxicating liquor to one W. H. Smith. Smith testified that he bought the liquor from the defendant in a certain room, in which the evidence showed without conflict, there was kept a soft-drink stand, and that the liquor was sold to him by the defendant during the business hours of the day. Smith testified further that when he bought the liquor he was accompanied by Ralph Mackay, saying on that subject: "I got it at the old Peerless Saloon building, corner of Tenth and Market streets, in Anniston. Mr. Garner was behind the counter. We asked him to give us a couple of drinks of rye whiskey if he had it. He put a couple of glasses on the counter, and got out a bottle of whiskey, and poured two drinks into the glasses. I took a drink of that, and my cousin, Mackay, drank the other glass." The defendant, on the other hand, testified not only that he did not sell the liquor as claimed by Smith, but that at the time referred to he had leased the room in which the liquor is claimed to have been sold to another man, who was at the time referred to keeping there a soft-drink stand. The other evidence in the case was in conflict as to whether the defendant, after the time he claimed to have leased the room to the alleged keeper of the soft-drink stand, was ever behind the counter in that

room, or. did any act in there indicating that he was the proprietor of the business conducted there, or in any way interested in it.

The above being the condition of the indictment and the evidence, the court, in its oral charge to the jury, among other. things, said: "I charge you that if there was liquor kept there, in that place, and the defendant rented it to this man, and knew that liquor was kept there for sale, although there had been no sale made, that he would be guilty as charged in the indictment." There was some evidence in the case from which the jury might have inferred that liquor was kept for sale in said room, without regard to the question as to whether the defendant sold the liquor on the particular occasion or not. In fact, the court, in its oral charge, in effect, so instructed the jury. It is therefore evident that the above-quoted part of the oral charge of the court, to which the defendant duly and legally reserved an exception, was not only erroneous, but was misleading, and may have resulted in injury to the defendant. It is therefore evident that the judgment of conviction in this case must be reversed, and the cause remanded for a new trial.

Reversed and remanded.

*Violating Prohibition Law.*

