# Doublin *v.* The State.

### Violating Prohibition Law.

(Decided January 30, 1917. 74 South. 86.)

1. **Intoxicating Liquors; Warrant; Direction for Return.**—An affidavit or warrant for violation of the prohibition law is not bad because returnable before the judge instead of the court, such improper direction being merely an immaterial irregularity.

2. **Trial; Time; Jury Week.**—Notwithstanding defendant did not demand trial by jury, the court was not without authority to try her during the week set for the trial of jury cases.

3. **Intoxicating Liquors; Offense; Former Jeopardy.**—Where the affidavit and warrant charged a different offense, and embraced an entirely different transaction from that of which defendant was convicted, her conviction cannot stand since one cannot be convicted of an offense not charged or included in the information.

APPEAL from Winston County Court.

Heard before Hon. JOHN S. CURTIS.

Susie Doublin was convicted of violating the prohibition laws, and she appeals. Reversed and remanded.

[Doublin v. The State.]

TRAVIS WILLIAMS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.— (1) The affidavit or warrant for the violation of the prohibition laws is not bad because returnable before the judge, instead of the court.—*Sapp v. State,* 167 Ala. 96, 52 South. 885; *Carnley v. State,* 162 Ala. 94, 50 South. 362. The improper direction for the return before the judge of the court, instead of to the court presided over by the judge, was merely an immaterial irregularity, as decided by the authorities above cited.

(2) There is no merit in the proposition that because the defendant did not demand a trial by jury the court was without authority to try the defendant during a week of the term of court designated for the trial of jury cases.

(3) On the trial of the case, it was made to affirmatively appear without conflict that the charge for which the affidavit and warrant of arrest was made and issued on probable cause of the affiant and officer issuing same, charged a different offense and embraced an entirely different transaction from that of which the defendant was convicted. It was shown by the uncontroverted evidence that the affiant and the officer issuing the process did not know of the transaction constituting the offense for which the defendant was tried and convicted, and could not have had probable cause for believing the offense had been committed that the defendant was tried and convicted of having committed. In other words, it appears without conflict from the record that the defendant was charged with one offense, and tried and convicted of an entirely different offense. This may not be done, as one cannot be convicted of an offense not charged or included in the indictment, information, or affidavit. —*Garner v. State,* 3 Ala. App. 161, 57 South. 502; *Stone v. State,* 115 Ala. 121, 22 South. 275. The question was properly raised, and the judgment of conviction must be reversed, and the cause remanded, that the court below require the defendant on another trial to be tried for an offense included in the charge made by the affidavit, or such amendment thereto as the trial court, in the exercise of proper discretion, may allow.

Reversed and remanded.