OPINION OF THE COURT
George Bundy Smith, J.
At the conclusion of the trial in this case, the court granted defendants’ motion to dismiss counts 6, 7 and 8 of the indictment, and stated that the reasons for doing so would be put in writing. The reasons follow.
The defendants move to dismiss counts 6, 7 and 8 of the indictment which charge them with hindering prosecution in the first degree in violation of section 205.65 of the Penal Law. Specifically count 6 charges the defendants with removing the body of Nery Armando Pereyra from New York County to the City of New Rochelle in Westchester County. Count 7 charges the defendants with removing the body of Jose Feliz, also known as Pepe, from New York County to the Village of Mamaroneck in Westchester County. Count 8 charges the defendants with removing and concealing blood and other physical evidence from the crime scene. The People contend that by this conduct the defendants rendered criminal assistance to a person who they knew and believed had committed murder and who had, in fact, committed murder.
*420 The person whom the defendants are alleged to have criminally assisted is not named in count 6, 7 or 8. However, other counts in the indictment charge the defendants with intentional murder, felony murder, robbery, and tampering with physical evidence.
The defendants argue that they may not be convicted of hindering prosecution because this crime was not intended to apply to persons who are principals in the underlying felony, in this case murder, but was intended for persons who aided the principal with knowledge of the underlying crime. The District Attorney argues that counts 6, 7 and 8 validly charge each defendant with hindering his own prosecution.
The charge of hindering prosecution is inapplicable to a person charged as a principal. This is clear from both a careful reading of the appropriate sections of the Penal Law and from a look at the sources of the present law.
Neither section 205.65 of the Penal Law, which defines hindering prosecution in the first degree, nor section 205.50, which defines the term “hindering prosecution”, states that a person may render criminal assistance to himself. If the Legislature had so intended, it could have inserted that provision in the statute. Instead the Legislature used the words “person” or “such person” throughout those sections and did not refer to the underlying principal.
Section 205.65 of the Penal Law reads as follows: “A person is guilty of hindering prosecution in the first degree when he renders criminal assistance to a person who has committed a class A felony, knowing or believing that such person has engaged in conduct constituting a class A felony.”
Section 205.50 reads as follows:
“§ 205.50 Hindering prosecution; definition of term
“As used in sections 205.55, 205.60 and 205.65, a person Tenders criminal assistance’ when, with intent to prevent, hinder or delay the discovery or apprehension of, or the lodging of a criminal charge against, a person who he knows or believes has committed a crime or is being sought by law enforcement officials for the commission of a crime, or with intent to assist a person in profiting or benefiting from the commission of a crime, he:
*421 “1. Harbors or conceals such person; or
“2. Warns such person of impending discovery or apprehension; or
“3. Provides such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension; or
“4. Prevents or obstructs, by means of force, intimidation or deception, anyone from performing an act which might aid in the discovery or apprehension of such person or in the lodging of a criminal charge against him; or
“5. Suppresses, by an act of concealment, alteration or destruction, any physical evidence which might aid in the discovery or apprehension of such person or in the lodging of a criminal charge against him; or
“6. Aids such person to protect or expeditiously profit from an advantage derived from such crime.”
Moreover, if a defendant could be convicted of hindering his own prosecution, almost any defendant could be accused of rendering criminal assistance to himself. Thus a principal could be accused of harboring himself, warning himself or doing any of the other acts proscribed by section 205.50. This is not a valid interpretation of the statute.
Secondly, by examining the forerunners to the present sections of the law dealing with hindering prosecution, it is clear that these sections do not apply to principals. The sections of the Penal Law dealing with hindering prosecution (§§ 205.50-205.65) are offsprings of the common law and of the old New York State Penal Law. The prior law was applicable to an accessory after the fact and did not apply to principals. One commentator has stated: “The Penal Law created the crime of hindering prosecution which penalizes conduct which at common law would be that of an accessory after the fact and under the former Penal Law would be that of an accessory” (7 Zett, NY Crim Prac, par 62.1 [1] [c] [ii]). “At common law an accessory) after the fact was one who, knowing a felony to have been committed by another, receives, relieves, comforts, or assists the felon in order to hinder the felon’s apprehension, trial or punishment.” {Id., par 62.1 [1] [a] [iií]; emphasis added.) “The former Penal Law established the category of *422 ‘accessory’ to a felony, which was substantially a restatement of the common law definition of an accessory after the fact.” {Id., par 62.1 [1] [b] [ii].)
The 1909 Penal Law defined an accessory in language similar to that used in section 205.50 of the present Penal Law. It stated: “Accessory. A person who, after the commission of a felony, harbors, conceals, or aids the offender, with intent that he may avoid or escape from arrest, trial, conviction, or punishment, having knowledge or reasonable ground to believe that such offender is liable to arrest, has been arrested, is indicted or convicted, or has committed a felony, is an ‘accessory’ to the felony.” (Penal Law of 1909, § 2.)
Section 1934 of the Penal Law of 1909 authorized the indictment and conviction of an accessory to a felony. It made clear that whatever happened to the principal, the accessory could be punished.
Section 1934 reads, in part, as follows: “An accessory to a felony may be indicted, tried, and convicted, either in the county where he became an accessory, or in the county where the principal felony was committed, and whether the principal felon has or has not been previously convicted, or is or is not amenable to justice, and although the principal has been pardoned or otherwise discharged after conviction.”
Accordingly, primarily because of the history of the sections dealing with hindering prosecution and its limitation to persons other than principals, the motion to dismiss counts 6, 7 and 8 of the indictment is granted.