Clarence Washington was convicted of hindering prosecution in the first degree in violation of Ala. Code 1975, § 13A-10-43, and sentenced to five years' imprisonment. That conviction must be reversed. *Page 282 
Washington was indicted for robbery in the first degree in violation of § 13A-8-41. In the middle of his trial, the indictment was "amended" by agreement of the parties to charge hindering prosecution in the first degree. The defendant then pleaded guilty and was convicted of hindering prosecution.
After the defendant had been sentenced, he filed a "motion for arrest of judgment and sentence" challenging the jurisdiction of the trial court.
In accepting the guilty plea, the trial judge asked the defendant to "[t]ell me what you did." The defendant responded: "The dude [Paul Jackson] robbed the man, and came around there, and I got in my brother's car and went to the mall and used the credit card."
"THE COURT: And who held the gun?
"THE DEFENDANT: Paul Jackson.
"THE COURT: And you were with them?
 "THE DEFENDANT: I took them to the mall, me and my brother took them to the mall.
"THE COURT: For the purpose of?
"THE DEFENDANT: I used the credit card. Yes, sir.
"* * * *
 "THE COURT: You took him, after the robbery you took him away from the scene?
"THE DEFENDANT: Yes, sir."
" 'No proposition is more familiar than that a man cannot be indicted for an offense, and under that indictment suffer a conviction of an offense not named in the indictment.'Garner v. State, 3 Ala. App. 161, 162, 57 So. 502 (1912)."Cordial v. State, 389 So.2d 170, 174 (Ala.Cr.App. 1980). Accord,Clements v. State, 370 So.2d 723, 728 (Ala. 1979), overruled on other grounds, Beck v. State, 396 So.2d 645 (Ala. 1980).
Hindering prosecution is not a lesser included offense of robbery.
 "The charge of hindering prosecution is inapplicable to a person charged as a principal. This is clear from both a careful reading of the appropriate sections of the Penal Law and from a look at the sources of the present law."
People v. Mercedes, 121 Misc.2d 419, 467 N.Y.S.2d 973, 974
(1983). See also State v. Fisher, 141 Ariz. 227, 686 P.2d 750,771, cert. denied, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436
(1984) (hindering prosecution is not a lesser included offense of murder).
"A person commits the crime of hindering prosecution in the first degree if with the intent to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting a murder or a Class A or B felony, he renders criminal assistance to such person." Ala. Code 1975, §13A-10-43(a).
 "[A] person renders 'criminal assistance' to another if he:
"(1) Harbors or conceals such person;
 "(2) Warns such person of impending discovery or apprehension; . . .
 "(3) Provides such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension;
 "(4) Prevents or obstructs, by means of force, deception or intimidation, anyone except a trespasser from performing an act that might aid in the discovery or apprehension of such person; or
 "(5) Suppresses, by an act of concealment, alteration or destruction, any physical evidence that might aid in the discovery or apprehension of such person."
§ 13A-10-42.
Neither the statutory definition of hindering prosecution in the first degree, § 13A-10-43, nor the statutory definition of criminal assistance, § 13A-10-42, "states that a person may render criminal assistance to himself. If the legislature had so intended, it could have inserted that provision in the statute. Instead the legislature used the words 'person' or 'such person' throughout those sections and did not refer to the underlying principal." Mercedes, 467 N.Y.S.2d at 974.
 "Moreover, if a defendant could be convicted of hindering his own prosecution, *Page 283 
almost any defendant could be accused of rendering criminal assistance to himself. Thus a principal could be accused of harboring himself, warning himself or doing any of the other acts proscribed by section [13A-10-43]. This is not a valid interpretation of the statute."
Mercedes, 467 N.Y.S.2d at 975. See also Vickers v. State,547 So.2d 1194 (Ala.Cr.App. 1989) (Refusing to aid a police officer is not a lesser included offense of escape. "This section is intended to apply, not to perpetrators of the offense. . . .").
The history of the offense of hindering prosecution in Alabama shows that the offense has been limited to persons other than principals.
 "Under Alabama law the conduct described under § 13A-10-42 and prohibited by §§ 13A-10-43 and 13A-10-44 would ordinarily make one an 'accessory after the fact.' Former §§ 13-9-1 and 13-9-2. Former § 13-9-1 provided that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet in its commission, will be tried and punished as principals. Parsons v. State, 33 Ala. App. 309, 33 So.2d 164 (1948) established that participation in the crime may be proven by circumstantial evidence. Former § 13-9-2 dealt with accessories after the fact and provided any person, other than parent, child, brother, sister, husband or wife of the offender, who gives aid to the offender with the intent to enable him to avoid or escape from arrest, trial, conviction, or punishment in connection with a felony may be imprisoned in county jail up to six months and/or fined up to $1,000.00."
Commentary to §§ 13A-10-42 through 13A-10-44 (emphasis added). "Although Section 13-9-1 has been repealed, there is — for purposes of indictment and trial — still no distinction between principals and accessories under Alabama law." Lewis v.State, 469 So.2d 1291, 1297 (Ala.Cr.App. 1984), affirmed,469 So.2d 1301 (Ala. 1985).
Consequently, we hold that hindering prosecution is not a lesser included offense of robbery.
"A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment. . . ." Rule 15.5(a), A.R.Cr.P.Temp. "[T]here can be no amendment to add a separate offense." Worrell v. State,357 So.2d 373, 376 (Ala. Cr. App), cert. denied, 357 So.2d 378
(Ala. 1978). Accord, Melech v. State, 42 Ala. App. 465, 466,168 So.2d 33, 34 (1964). Indictments are "absolutely non-amendable without the consent of the defendant." Mason v. City ofVestavia Hills, 518 So.2d 221, 223 (Ala.Cr.App. 1987).
The judgment of the circuit court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.