L. CHARLES WRIGHT, Retired Appellate Judge.
Connie Gober brought this action to recover benefits from Wal-Mart Stores, Inc., under the Workmen’s Compensation Act of Alabama. Following oral proceedings, the trial court determined that Gober was not entitled to benefits because she misrepresented her physical condition on her job application. Gober appeals.
The record reflects that Gober was employed by Wal-Mart in July 1989. In March 1991, Gober injured her back while lifting stock boxes over her head. She went to see her chiropractor because her back kept hurting. She was subsequently treated by an orthopedic surgeon on March 25, 1991. The surgeon made the following pertinent note after treating Gober:
“44 YO Dept. MGR at Waknart who had a long history of back pain dating back to ’71 when she worked at the paper factory, she was lifting and twisting and had injury to *281 her back. Couple of myelograms which were evidently negative. Since that time she has intermittent episodes of low back pain which stops her from exercising, it increases with any prolonged standing, bending or lifting. The last episode was last Saturday about 9 days ago when she woke up in the morning and she could hardly walk secondary to low back pain. Since that time it has involved her hip some and she states it does bother her in the back of her legs down to but not past her ankles....”
The surgeon diagnosed the back problem as “chronic lumbar strain.” Gober subsequently saw several other doctors for her back pain. She ultimately underwent spinal fusion surgery.
The record reflects that prior to her employment, Gober completed an employment application. When asked on the application, “Have you ever — received Workers’ Compensation” or “Have you ever had — Back Injury?,” Gober responded in the negative. It was undisputed that Gober had received workmen’s compensation benefits in 1969 after an injury to her lower back.
Gober admitted that she had not mentioned the prior injury on her application. She testified, however, that the prior injury had not caused her to miss any work. She admitted that she had a weak back and that she had been treated for back pain on numerous occasions since 1982.
David Stern, the manager at Wal-Mart, testified that Wal-Mart relied on Gober’s responses on her employment application when she was hired. He stressed that while Gober’s previous back injury might not have totally disqualified her from employment with Wal-Mart, it would have disqualified her from most jobs, especially those which involved lifting and stacking large boxes.
In finding that Gober was not entitled to workmen’s compensation benefits, the trial court found the following:
“FIRST: The court finds that the plaintiffs failure to truthfully answer the questions on her employment application bar her from a recovery in this case. The court specifically finds that the plaintiff knowingly and willfully made a false representation as to her physical condition and also the fact that she had drawn workmen’s compensation in a prior employment for that injury. She may not have consciously intended to deceive, but she was certainly aware of her back problems. The court further finds that the employer relied on the false representation and such reliance was a substantial factor in the hiring of the plaintiff. While her injury might not have disqualified her totally from employment, it would have disqualified her from a job involving spending a whole day lifting and stacking fairly large boxes whereby she was injured. The court further finds that there is a causal connection between the false representation, namely her ongoing back troubles and her injury. The plaintiff had inordinate degenerative disc changes as far back as 1981. Her misrepresentation prevented the defendant from finding this out, and common sense would indicate that such a condition, at least in part, predisposed her to the injury she received in this case.”
Gober asserts that the trial court erred in disqualifying her from receiving benefits.
We find Ex parte Southern Energy Homes, Inc., 603 So.2d 1036 (Ala.1992), to be dispositive of this appeal. In Southern Energy, our supreme court determined that misrepresentation as to physical condition or health on an application for employment is a valid defense that may preclude the recovery of workmen’s compensation benefits.
The facts in Southern Energy are closely aligned to the facts in this case. We, therefore, affirm the judgment of the trial court on the authority of Southern Energy.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.