David A. Wingard appeals from the summary denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he challenged his 1998 guilty-plea conviction for hindering prosecution in the first degree.[1] We reverse and remand.
Wingard raises several issues with regard to the circuit court's denial of his Rule 32 petition; however, we decline to address all but one of these issues because we conclude that the trial court was without jurisdiction to accept Wingard's guilty plea and, thus, that his conviction is void.
Wingard was initially indicted for murder;[2] however, pursuant to a plea agreement, the State "amended" the indictment to charge the offense of hindering prosecution in the first degree, a violation of §13A-10-43, Ala. Code 1975. Wingard alleged in his petition, and he argues to this Court, that hindering prosecution in the first degree is not a lesser-included offense to the offense of murder, as charged in the indictment. Relying on Rule 13.5(a), *Page 242 
Ala.R.Crim.P., he argues that although he consented to the amendment of the indictment, the amendment was nevertheless improper. We must agree.
Rule 13.5(a) prohibits any amendment to an indictment to change the offense or to charge a new offense not contemplated in the original indictment. When the trial court accepts a guilty plea on an indictment that has been so amended, the court's judgment is void, because the defendant is convicted of an offense for which he has not been indicted and an essential requisite of jurisdiction is therefore missing. SeeFleming v. State, 814 So.2d 310 (Ala.Crim.App. 2001); Grady v. State, [Ms. CR-00-2187, September 28, 2001] ___ So.2d ___ (Ala.Crim.App. 2001);Marks v. State, 791 So.2d 1062 (Ala.Crim.App. 2000); Scott v. State,742 So.2d 799 (Ala.Crim.App. 1998).
In denying Wingard's Rule 32 petition, the trial court made the following findings of fact and conclusions of law:
 "This matter comes before the Court on the motion to dismiss filed by the State of Alabama. The petitioner has filed a petition for postconviction relief. He alleges that the Court was without jurisdiction to render judgment or to impose sentence on the grounds that he pled guilty to the offense of hindering prosecution in the first degree which is not a lesser included offense to his original charge of murder. Attached to this order as `Exhibit A' is a transcript of the defendant's guilty plea and sentencing. As can be seen from the transcript, the defendant was originally charged as an accomplice to murder on the theory of complicity. His involvement in the crime was assisting in the disposal of the body after the homicide had been committed. Therefore, under the information available to the State that the defendant was an accomplice to the crime of murder, the State agreed to allow the defendant to plead guilty to the offense of hindering prosecution in the first degree. Based upon these facts, it is the opinion of the Court that the offense of hindering prosecution in the first degree was a lesser-included offense to the crime with which the defendant was originally charged."
(C. 33.)
In Washington v. State, 562 So.2d 281 (Ala.Crim.App. 1990), a case strikingly similar to the present case, this Court was confronted with the question whether the defendant could plead guilty to hindering prosecution in the first degree as a lesser-included offense of first-degree robbery charged in the indictment. This Court held, as a matter of law, that hindering prosecution is not a lesser-included offense of the offense upon which the underlying prosecution could be based. Specifically, this Court stated:
 "Washington was indicted for robbery in the first degree in violation of § 13A-8-41. In the middle of his trial, the indictment was `amended' by agreement of the parties to charge hindering prosecution in the first degree. The defendant then pleaded guilty and was convicted of hindering prosecution.
 "After the defendant had been sentenced, he filed a `motion for arrest of judgment and sentence' challenging the jurisdiction of the trial court.
 "In accepting the guilty plea, the trial judge asked the defendant to `[t]ell me what you did.' The defendant responded: `The dude [Paul Jackson] robbed the man, and came around there, and I got in my brother's car and went to the mall and used the credit card.'
"`THE COURT: And who held the gun? *Page 243 
"`THE DEFENDANT: Paul Jackson.
"`THE COURT: And you were with them?
 "`THE DEFENDANT: I took them to the mall, me and my brother took them to the mall.
"`THE COURT: For the purpose of?
"`THE DEFENDANT: I used the credit card. Yes, sir.
"`. . . .
 "`THE COURT: You took him, after the robbery you took him away from the scene?
"`THE DEFENDANT: Yes, sir.'
 "`"No proposition is more familiar than that a man cannot be indicted for an offense, and under that indictment suffer a conviction of an offense not named in the indictment." Garner v. State, 3 Ala. App. 161, 162, 57 So. 502 (1912).' Cordial v. State, 389 So.2d 170, 174 (Ala.Crim.App. 1980). Accord, Clements v. State, 370 So.2d 723, 728 (Ala 1979), overruled on other grounds, Beck v. State, 396 So.2d 645 (Ala. 1980).
 "Hindering prosecution is not a lesser included offense of robbery.
 "`The charge of hindering prosecution is inapplicable to a person charged as a principal. This is clear from both a careful reading of the appropriate sections of the Penal Law and from a look at the sources of the present law.'
 "People v. Mercedes, 121 Misc.2d 419, 467 N.Y.S.2d 973, 974 (1983). See also State v. Fisher, 141 Ariz. 227, 686 P.2d 750, 771, cert. denied, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984) (hindering prosecution is not a lesser included offense of murder).
 "`A person commits the crime of hindering prosecution in the first degree if with the intent to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting a murder or a Class A or B felony, he renders criminal assistance to such person.' Ala. Code 1975, § 13A-10-43(a).
 "`[A] person renders "criminal assistance" to another if he:
"`(1) Harbors or conceals such person;
 "`(2) Warns such person of impending discovery or apprehension; . . .
 "`(3) Provides such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension;
 "`(4) Prevents or obstructs, by means of force, deception or intimidation, anyone except a trespasser from performing an act that might aid in the discovery or apprehension of such person; or
 "`(5) Suppresses, by an act of concealment, alteration or destruction, any physical evidence that might aid in the discovery or apprehension of such person.'
"§ 13A-10-42.
 "Neither the statutory definition of hindering prosecution in the first degree, § 13A-10-43, nor the statutory definition of criminal assistance, § 13A-10-42, `states that a person may render criminal assistance to himself. If the legislature had so intended, it could have inserted that provision in the statute. Instead the legislature used the words "person" or "such person" throughout those sections and did not refer to the underlying principal.' Mercedes, 467 N.Y.S.2d at 974.
 "`Moreover, if a defendant could be convicted of hindering his own prosecution, almost any defendant could be accused of rendering criminal *Page 244 
 assistance to himself. Thus a principal could be accused of harboring himself, warning himself or doing any of the other acts proscribed by section [13A-10-43]. This is not a valid interpretation of the statute.'
 "Mercedes, 467 N.Y.S.2d at 975. See also Vickers v. State, 547 So.2d 1194 (Ala.Crim.App. 1989) (Refusing to aid a police officer is not a lesser included offense of escape. `This section is intended to apply, not to perpetrators of the offense. . . .').
 "The history of the offense of hindering prosecution in Alabama shows that the offense has been limited to persons other than principals.
 "`Under Alabama law the conduct described under § 13A-10-42 and prohibited by §§ 13A-10-43 and 13A-10-44 would ordinarily make one an "accessory after the fact." Former §§ 13-9-1 and 13-9-2. Former § 13-9-1 provided that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet in its commission, will be tried and punished as principals. Parsons v. State, 33 Ala. App. 309, 33 So.2d 164 (1947) established that participation in the crime may be proven by circumstantial evidence. Former § 13-9-2 dealt with accessories after the fact and provided any person, other than parent, child, brother, sister, husband or wife of the offender, who gives aid to the offender with the intent to enable him to avoid or escape from arrest, trial, conviction, or punishment in connection with a felony may be imprisoned in county jail up to six months and/or fined up to $1,000.00.'
 "Commentary to §§ 13A-10-42 through 13A-10-44
(emphasis added). `Although Section 13-9-1 has been repealed, there is — for purposes of indictment and trial — still no distinction between principals and accessories under Alabama law.' Lewis v. State, 469 So.2d 1291, 1297 (Ala.Crim.App. 1984), affirmed, 469 So.2d 1301 (Ala. 1985).
 "Consequently, we hold that hindering prosecution is not a lesser included offense of robbery."
562 So.2d at 282-83. See also Goodwin v. State, 644 So.2d 1269, 1272-74
(Ala.Crim.App. 1993); and Mangione v. State, 740 So.2d 444, 456
(Ala.Crim.App. 1998).
Section 13A-1-9(a), Ala. Code 1975, provides:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
(Emphasis added.)
In Ex parte N.W., 748 So.2d 190 (Ala. 1999), the Alabama Supreme Court noted:
 "As the Court of Criminal Appeals explained in Chambers v. City of Opelika, 698 So.2d 792, 794 (Ala.Crim.App. 1996):
 "`"Where all the elements of an offense separate from the offense charged are present in or are included *Page 245 
 among elements of [the] charged offense, such separate offense is a lesser included offense for which [the] defendant may be convicted, though acquitted of the offense charged. To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser."'
 "(Quoting Sharpe v. State, 340 So.2d 885, 887
(Ala.Crim.App.), cert. denied, 340 So.2d 889 (Ala. 1976)) (emphasis added in Chambers)."
748 So.2d at 192.
In Alabama, no distinction is made between principals and accomplices for purposes of criminal responsibility. In the present case, Wingard was indicted for murder based on a complicity theory. See § 13A-2-23, Ala. Code 1975. Thus, Wingard received sufficient notice in the indictment that he was charged with the criminal offense of hindering prosecution in the first degree only if all the elements of that offense are included among the elements of murder, that is, only if it would be impossible to commit the offense of murder without first having committed the offense of hindering prosecution in the first degree. In Washington,Goodwin, and Mangione, this Court held, as a matter of law, that a person charged as an accomplice to a crime could not have hindered the prosecution of another charged as the principal. This Court recognized that § 13A-10-43 does not contemplate that a defendant can be convicted of hindering his own prosecution and that to find the offense of hindering prosecution in the first degree to be a lesser-included offense of the offense upon which the underlying prosecution could be based, even when the underlying prosecution is based on a complicity theory, would be tantamount to acknowledging that a defendant could have hindered his own prosecution. Stated differently, and in the context of the present case, Wingard could have committed the offense of murder without also committing the offense of hindering the prosecution of another because the offense of hindering prosecution in the first degree has elements separate and distinct from those required to establish the offense of murder.
Based on the cases cited above, we hold that the offense of hindering prosecution in the first degree is not encompassed within the offense of murder as charged in Wingard's indictment. They are separate and distinct offenses. See, e.g., Nichols v. State, 500 So.2d 92 (Ala.Crim.App. 1986). Wingard was allowed to plead guilty to an offense for which he had not been indicted. The requirement that the offense be properly charged in an indictment was not waived by Wingard's guilty plea; it was an essential requisite of jurisdiction. See Fleming, supra. Because the trial court did not have jurisdiction to accept Wingard's guilty plea, the judgment entered on that plea is void.
Accordingly, the circuit court's summary denial of Wingard's Rule 32 petition is reversed and this cause is remanded to the circuit court for that court to grant Wingard's Rule 32 petition and to vacate Wingard's conviction for hindering prosecution in the first degree.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb and Baschab, JJ., concur. Wise, J., dissents, without opinion.
[1] Wingard was sentenced to 10 years in prison; that sentence was suspended, and he was placed on 3 years' supervised probation. He was also ordered to pay court costs and $50.00 as a crime victims assessment. Wingard did not appeal.
[2] In his Rule 32 petition, Wingard quoted the following pertinent portion of his indictment:
 "`David A. Wingard, alias David Allen Wingard, whose name to the Grand Jury is otherwise unknown, did intentionally cause the death of another, George Henderson, by shooting him with a pistol, in violation of Section 13A-6-2(A)(1) of the Code of Alabama.'" *Page 246