WISE, Judge.
The appellant, Victor Ayler, appeals from the circuit court’s dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Aia.R.Crim.P., in which he attacked his 1982 guilty-plea convictions for two counts of robbery in the second degree and his resulting sentences of 10 years’ imprisonment for each conviction. No direct appeal was taken from these convictions.
*283 On July 13, 2004, Ayler filed this, his first, Rule 32 petition. In his petition, he alleged that the trial court was without jurisdiction to render judgment and to impose sentence because, he said, he had been indicted for robbery in the first degree and the indictments failed to include an essential element for robbery in the second degree, the crime for which he was convicted. On September 27, 2004, the State filed a motion to dismiss the petition, alleging that Ayler’s petition both was precluded from appellate review and was without merit. On January 28, 2005, the trial court issued an order dismissing Ay-ler’s petition. This appeal followed.
On appeal, Ayler reasserts the allegation he presented in his petition to the trial court and also contends that the trial court erred in denying his motion for an eviden-tiary hearing.
Ayler’s original indictments charging him with robbery in the first degree are included in the record, but the amended indictments are not. (C. 29.) Nevertheless, the record clearly reveals that a count was added to each indictment with Ayler’s consent. (C. 2, 6.)
The Alabama Supreme Court has addressed this issue and stated:
“When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained [the defendant’s] consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a)[, Ala.R.Crim.PJ That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, [814 So.2d 1006 (Ala.Crim.App.2001) ]; Wingard v. State, [821 So.2d 240 (Ala.Crim.App.2001) ]; Green v. State, [619 So.2d 952 (Ala.Crim.App.1993) ]; and Ross v. State, [529 So.2d 1074 (Ala.Crim.App.1988) ].”
Ex parte Cole, 842 So.2d 605, 609 (Ala.2002).
Although the record reflects that each indictment was amended to add a second count charging Ayler with second-degree robbery, the question is not whether the amended indictments, i.e., those charging the added counts of second-degree robbery, included the fact that Ayler was aided in the robberies by another person but whether the first-degree-robbery charges themselves were amended to add the fact that Ayler was aided in the robberies by another person before the indictments were amended to add the second-degree-robbery counts. Therefore, we find it necessary to remand this cause to the trial court for that court to determine whether the first-degree-robbery charges were amended to add the fact that Ayler was aided in the robberies by another person before the indictments were amended to add the additional counts of second-degree robbery.
If the trial court determines that the first-degree-robbery charges were not *284 amended to allege that Ayler was aided by another person in the commission of the robberies, then the trial court shall vacate Ayler’s convictions for second-degree robbery. The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days after the release of this opinion.. The return to remand shall include the trial court’s specific, written findings of fact and, if applicable, a copy of the amended indictments, any additional filings by the parties and a transcript of any additional proceedings that may occur on remand.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J„ and COBB, BASCHAB, and SHAW, JJ., concur.