BASCHAB, Judge.
The appellant, Curtis Potts, was indicted for first-degree robbery. On July 28, 1988, he pled guilty to second-degree robbery, and the trial court sentenced him to serve a term of twenty years in prison. It appears that he did not appeal his conviction. ■ On June 24, 2004, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied his petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because he allegedly pled guilty to an offense for which he had not been indicted. Specifically, he contends that, under the facts of his case, second-degree robbery was not a lesser included offense of first-degree robbery because “[tjhere is absolutely no indic[a]tion in the indictment or anywhere else in the record that [he] was aided by another party in committing the crime. It is apparent from the record that the only parties alleged to be present at the scene of the crime were [him] and the alleged victim.” (Appellant’s brief at p. 7.) In Ex parte Cole, 842 So.2d 605, 609 (Ala.2002), the Alabama Supreme Court held:
“When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by *598 another participant—an essential element of the offense of second-degree robbery—the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea. Had the trial court obtained Cole’s consent to amend the indictment charging first-degree robbery by adding the fact that another participant was present, no new offense would have been charged because first-degree robbery is broad enough to include such an element. An indictment so amended, permitting a defendant to plead guilty to second-degree robbery, would not run afoul of Rule 13.5(a). That, however, did not occur here. To treat the proceedings in this case as if the original indictment included that additional fact just because Cole pleaded guilty would disregard the settled principle that one cannot consent to an improper amendment to an indictment. See Murray v. State, [814 So.2d 1006 (Ala.Crim.App. 2001)]; Wingard v. State, [821 So.2d 240 (Ala.Crim.App.2001)]; Green v. State, [619 So.2d 952 (Ala.Crim.App.1993)]; and Ross v. State, [529 So.2d 1074 (Ala. Crim.App.1988)].”
In this case, the indictment against the appellant did not allege sufficient facts from which it could be concluded that another person aided him in the robbery. The indictment alleged that the appellant
“did, in the course of committing' a theft of one brown wallet containing one Alabama driver’s license, and $5.00 lawful currency of the United States of America, the property of David Richard Cana-day, threaten the imminent use of force against the person of David Richard Ca-naday, with the intent to compel acquiescence to the taking of or escaping with the property, while the said [appellant] was armed with a deadly weapon, to-wit: a pistol, in violation of § 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
(C.R. 17.) Also, we cannot determine from the record before us whether the indictment was amended to add the allegation that another person aided him in the robbery. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the indictment against the appellant was amended to add the allegation that another person aided him in the robbery. On remand, the circuit court may require the State to respond specifically to the appellant’s claim that he was convicted of an offense for which he was not indicted and/or may conduct an eviden-tiary hearing on that claim. If the circuit court determines that the indictment against the appellant was not amended to add the allegation that another person aided him in the robbery, then the circuit court shall vacate the appellant’s second-degree robbery conviction. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, PM., and COBB, SHAW, and WISE, JJ., concur.