REL:09/26/2014

Notice: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130271

_____

**Ex parte State of Alabama**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Ex parte Margie Morgan Kelley**

**(In re: State of Alabama**

**v.**

**Margie Morgan Kelley))**

**(Etowah Circuit Court, CC-13-318.01, CC-13-318.02, and CC-13-318.03; Court of Criminal Appeals, CR-12-1765)**

SHAW, Justice.

The Court of Criminal Appeals, in an unpublished order, issued a writ of mandamus directing the trial court in the

1130271

underlying case to "bar" the prosecution of the respondent, Margie Morgan Kelley, who had been indicted for three counts of capital murder. Ex parte Kelley (No. CR-12-1765, November 21, 2013), ___ So. 3d ___ (Ala. Crim. App. 2013) (table). The State of Alabama petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order. See Rule 21(e)(1), Ala. R. App. P. ("If an original petition has been granted by the court of appeals, review may be had by filing in the supreme court a petition for writ of mandamus ... directed to the court of appeals ...."). We grant the petition and issue the writ.

Facts and Procedural History

In its unpublished order, the Court of Criminal Appeals set out the facts and procedural history of this case:

> "Margie Morgan Kelley filed this petition for a writ of mandamus requesting that this Court direct Judge William Allen Millican to grant her motion to bar her prosecution for capital murder because, she says, to prosecute her for murder after she has been convicted of hindering prosecution and abuse of a corpse related to the same murders violates the Double Jeopardy Clause. In 2010, Kelley was charged with hindering the prosecution of her husband in the murders of Rocky Morgan and James Bachelor and with abuse of a corpse. In August 2011, she pleaded guilty to those charges and has since completed her sentence. Kelley's husband, Robert Kelley, has been charged with and pleaded guilty to murdering Morgan

2

and Bachelor. As a part of the plea agreement, Robert Kelley implicated his wife in the murders. In March 2013, Kelley was indicted for three counts of capital murder for allegedly murdering Morgan and Bachelor during one course of conduct and for murdering Morgan for pecuniary gain. Kelley moved that the capital murder charges be dismissed based on collateral estoppel and double-jeopardy grounds. After a hearing, Judge Millican denied the motion. Kelley then filed this petition for a writ of mandamus with this Court."

As noted above and discussed in more detail below, the Court of Criminal Appeals granted Kelley's petition. The State then filed the instant petition with this Court.

### Standard of Review

"Mandamus is an extraordinary remedy and will be issued only when there is '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Alfab, Inc., 586 So. 2d 889, 891 (Ala. 1991). 'A decision of a court of appeals on an original petition for writ of mandamus or prohibition or other extraordinary writ (i.e., a decision on a petition filed in the court of appeals) may be reviewed de novo in the supreme court....' Rule 21(e)(1), Ala. R. App. P."

Ex parte Sharp, 893 So. 2d 571, 573 (Ala. 2003).

### Discussion

Hindering prosecution in the first degree is described in Ala. Code 1975, § 13A-10-43(a), as follows:

"A person commits the crime of hindering prosecution in the first degree if with the intent to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting a murder or a Class A or B felony, he renders criminal assistance to such person."

A person renders "criminal assistance" to another if he or she:

"(1) Harbors or conceals such person;

"(2) Warns such person of impending discovery or apprehension; except that this subdivision does not apply to a warning given in connection with an effort to bring another into compliance with the law;

"(3) Provides such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension;

"(4) Prevents or obstructs, by means of force, deception or intimidation, anyone except a trespasser from performing an act that might aid in the discovery or apprehension of such person; or

"(5) Suppresses, by an act of concealment, alteration or destruction, any physical evidence that might aid in the discovery or apprehension of such person."

Ala. Code 1975, § 13A-10-42.

The language of § 13A-10-43(a) does not provide that a person may be charged with and convicted of rendering criminal assistance to himself or of hindering his own prosecution:

4

"Neither the statutory definition of hindering prosecution in the first degree, § 13A-10-43, nor the statutory definition of criminal assistance, § 13A-10-42, 'states that a person may render criminal assistance to himself. If the legislature had so intended, it could have inserted that provision in the statute. Instead the legislature used the words "person" or "such person" throughout those sections and did not refer to the underlying principal.'"

Washington v. State, 562 So. 2d 281, 282 (Ala. Crim. App. 1990) (quoting People v. Mercedes, 121 Misc. 2d 419, 420, 467 N.Y.S.2d 973, 974 (N.Y.Sup.Ct. 1983)).

In Washington, the court was required to determine whether hindering prosecution was a lesser offense included in the offense of robbery. In holding that it was not a lesser-included offense, the court stated that "'[t]he charge of hindering prosecution is inapplicable to a person charged as a principal.'" 562 So. 2d at 282 (quoting Mercedes, 121 Misc. 2d at 420, 467 N.Y.S.2d at 974. The court then noted:

"The history of the offense of hindering prosecution in Alabama shows that the offense has been limited to persons other than principals.

"'Under Alabama law the conduct described under § 13A-10-42 and prohibited by §§ 13A-10-43 and 13A-10-44[, Ala. Code 1975,] would ordinarily make one an "accessory after the fact." Former §§ 13-9-1 and 13-9-2[, Ala. Code 1975]. Former § 13-9-1 provided that all persons concerned in the commission of a felony,

whether they directly commit the act constituting the offense or aid or abet in its commission, will be tried and punished as principals. Parsons v. State, 33 Ala. App. 309, 33 So. 2d 164 (1948)[,] established that participation in the crime may be proven by circumstantial evidence. Former § 13-9-2 dealt with accessories after the fact and provided [that] any person, other than parent, child, brother, sister, husband or wife of the offender, who gives aid to the offender with the intent to enable him to avoid or escape from arrest, trial, conviction, or punishment in connection with a felony may be imprisoned in county jail up to six months and/or fined up to $1,000.00.'

"Commentary to §§ 13A-10-42 through 13A-10-44 (emphasis added). 'Although Section 13-9-1 has been repealed, there is--for purposes of indictment and trial--still no distinction between principals and accessories under Alabama law.' Lewis v. State, 469 So. 2d 1291, 1297 (Ala. Cr. App. 1984), affirmed, 469 So. 2d 1301 (Ala. 1985)."

Washington, 562 So. 2d at 283. On the basis of this analysis, the court in Washington held that "hindering prosecution is not a lesser included offense of robbery." Id.

The analysis in Washington was subsequently applied outside the context of determining whether hindering prosecution is a lesser-included offense. In Goodwin v. State, 644 So. 2d 1269 (Ala. Crim. App. 1993), four individuals, Dewey Goodwin, Daren Goodwin, David King, and

6

1130271

Xavier Murray, engaged in a scheme to commit a robbery. Dewey and Daren drove King and Murray to the house of the intended victim. King and Murray attempted to rob the intended victim and shot him three times in the attempt. Dewey and Daren later concealed King and Murray in the trunk of their automobile and drove them out of the State.

King and Murray were charged with, among other things, attempted murder. Both Dewey and Daren were charged with hindering the prosecution of King and Murray for that charge. The Court of Criminal Appeals, however, held that the hindering-prosecution charge could not stand. Specifically, that court noted that Dewey and Daren had also been charged with robbery and with conspiracy to commit robbery. After repeating the analysis of Washington, the Court of Criminal Appeals stated:

> "While it is true that the indictment charged them with hindering the prosecution of King and Murray for the underlying offense of attempted murder, the attempted murder charge arose out of the same facts supporting the prosecution of Dewey and Daren for first degree robbery and for conspiracy to commit first degree robbery. To convict them of hindering the prosecution of King and Murray under these circumstances would, in essence, be convicting them of hindering their own prosecution, which is prohibited by Washington."

7

1130271

Goodwin, 644 So. 2d at 1274. Thus, Goodwin construed Washington's narrow holding--that hindering prosecution is not a lesser-included offense of the underlying criminal conduct because a person who was a principal in that underlying crime cannot be charged with hindering his own prosecution for that conduct--and expanded it to broadly hold that all persons who are "principals" in the underlying criminal conduct cannot be charged with hindering the prosecution of another who also committed that underlying crime. This rationale has been repeatedly applied, albeit in situations like Washington in which the court was determining whether the offense of hindering prosecution was a lesser-included offense of the charged crime. In Mangione v. State, 740 So. 2d 444, 456 (Ala. Crim. App. 1998), the Court of Criminal Appeals held:

> "Based on the reasoning in Goodwin[ v. State, 644 So. 2d 1269 (Ala. Crim. App. 1993)], and Washington [v. State, 562 So. 2d 281 (Ala. Crim. App. 1990)], the appellant could not be charged with hindering prosecution because he was a principal in the offense that resulted in the murder charge alleged to have been hindered. Although the appellant's action may arguably have hindered the prosecution of his accomplices, there is no dispute that he also hindered his own prosecution. Section 13A-10-43, Ala. Code 1975, is inapplicable where an accused has rendered assistance to himself."

8

1130271

See also <u>Wingard v. State</u>, 821 So. 2d 240, 245 (Ala. Crim. App. 2001) ("In <u>Washington</u>, <u>Goodwin</u>, and <u>Mangione</u>, this Court held, as a matter of law, that a person charged as an accomplice to a crime could not have hindered the prosecution of another charged as the principal.").

In the instant matter, the Court of Criminals Appeals relied on the more recent decision of <u>Davenport v. State</u>, 968 So. 2d 27 (Ala. Crim. App. 2005), which restated the holding of <u>Goodwin</u>. In issuing the writ in this case, the Court of Criminal Appeals stated:

> "Kelley, relying on the case of <u>Davenport v. State</u>, 968 So. 2d 27 (Ala. Crim. App. 2005), argues that she cannot be prosecuted for capital murder after she already has been convicted and served her sentence for hindering prosecution and abuse of a corpse related to the same murders. ... In <u>Davenport</u>, this Court reviewed the propriety of Davenport's convictions for manslaughter and for hindering the prosecution of Davenport's son. In holding that Davenport could not be convicted of both offenses, this Court stated:
>
> > "'[T]he appellant was convicted of manslaughter for the death of the victim. Because the hindering prosecution charge arose from the same facts as those supporting the manslaughter conviction, she could not properly be convicted of both manslaughter and first-degree hindering prosecution. Therefore, the trial court did not have jurisdiction to enter judgments on

9

> both the manslaughter charge and the first-degree hindering prosecution charge.'

"968 So. 2d at 36-37. See also <u>Goodwin v. State</u>, 644 So. 2d 1269 (Ala. Crim. App. 1993).

> "For the forgoing reasons, this petition for a writ of mandamus is hereby granted. Judge Millican [is] directed to grant Kelley's motion to bar her prosecution for capital murder, as she has already been convicted of hindering prosecution and abuse of a corpse related to the same facts."

In its mandamus petition, the State contends that <u>Davenport</u>, in holding that an individual cannot be prosecuted for hindering the prosecution of another when the individual was also a principal, or participated, in that crime, misstated the law. We agree.

> "When the language of a statute is plain and unambiguous ... courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning--they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature."

<u>Ex parte T.B.</u>, 698 So. 2d 127, 130 (Ala. 1997).

> "'"Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction ...."'"

DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So. 2d 270, 275 (Ala. 1998) (quoting Blue Cross & Blue Shield v. Nielsen, 714 So. 2d 293, 296 (Ala. 1998), quoting in turn IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So. 2d 344, 346 (Ala. 1992)). See also Ex parte Ankrom, 143 So. 3d 58 (Ala. 2013).

As quoted above, § 13A-10-43(a) provides that one "commits the crime of hindering prosecution in the first degree if," with the requisite intent "to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting" certain crimes, "he renders criminal assistance to such person." (Emphasis added.) The plain language of the Code section focuses on the criminal assistance rendered to another person by the one accused of hindering. Whether the accused also participated in the underlying criminal conduct is not addressed by the Code section, and there is no language preventing the prosecution of one who hindered prosecution of another if he or she also participated in the underlying conduct. Although in certain circumstances providing criminal assistance to an accomplice might also result in one's hindering his or her own prosecution, providing criminal assistance to another is

11

nevertheless a <u>distinct act</u> explicitly proscribed by the Code section. <u>Nichols v. State</u>, 500 So. 2d 92, 93 (Ala. Crim. App. 1986) ("[I]t is clear that hindering prosecution is distinguishable from the underlying prosecutorial offense that was alleged to have been committed."). As long as the one accused of hindering prosecution renders criminal assistance to <u>another</u>, nothing in the language of the Code section prevents his or her prosecution, even if the accused's criminal assistance <u>also</u> ultimately resulted in rendering criminal assistance to himself or herself. To hold otherwise creates a broad exception not found in, and arguably contrary to, § 13A-10-43. To the extent <u>Davenport</u> holds otherwise, it misapprehends the law and thus does not provide Kelley a clear legal right for the mandamus relief she sought in the Court of Criminal Appeals.

Kelley argues that because under <u>Davenport</u> a person cannot be found guilty of hindering prosecution if she was involved in the underlying offense, then the fact that she <u>was</u> found guilty of hindering prosecution means, or ultimately proves, that she was not a principal in the murders in the instant case. Therefore, she maintains, the State is

1130271

collaterally estopped from asserting the contrary. See <u>Ex parte Howard</u>, 710 So. 2d 460 (Ala. 1997) (discussing the application of the doctrine of collateral estoppel in the context of a criminal prosecution). This would be true if <u>Davenport</u> accurately stated the law, but, as noted above, it does not. A conviction under § 13A-10-43 establishes only that one hindered the prosecution of another -- it does not contemplate or address whether the accused also participated in the underlying criminal conduct.[1]

Conclusion

For the foregoing reasons, we grant the State's petition and direct the Court of Criminal Appeals to vacate its writ of mandamus.

---

[1]Kelley further argues that to depart from <u>Davenport</u> in her case "would be so unfair as to violate due process." She contends that such a departure -- applied retroactively to her case -- would violate the Supreme Court's decision in <u>Rogers v. Tennessee</u>, 532 U.S. 451, 462 (2000), which noted that due process protects "against vindictive or arbitrary judicial lawmaking by safeguarding defendants against unjustified and unpredictable breaks with prior law." Given that <u>Davenport</u>'s holding, which we reject today, clearly deviates from the plain language of § 13A-10-43(a), we see nothing vindictive, arbitrary, unjustified, or unpredictable in holding that decision to be in error.

1130271

PETITION GRANTED; WRIT ISSUED.

Stuart, Bolin, Parker, Main, Wise, and Bryan, JJ., concur.

Murdock, J., concurs in the result.

Moore, C.J., recuses himself.

1130271

MURDOCK, Justice (concurring in the result).

I respectfully disagree with the main opinion's rejection today of the holdings in <u>Goodwin v. State</u>, 644 So. 2d 1269 (Ala. Crim. App. 1993), and <u>Davenport v. State</u>, 968 So. 2d 27 (Ala. Crim. App. 2005). In the procedural context in which the Court of Criminal Appeals decided those particular cases, I believe that court reached the right result based upon sound reasoning.  As the Court of Criminal Appeals explained in <u>Goodwin</u>:

> "While it is true that the indictment charged them with hindering the prosecution of [David] King and [Xavier] Murray for the underlying offense of attempted murder, the attempted murder charge arose out of the same facts supporting the prosecution of Dewey [Goodwin] and Daren [Goodwin] for first degree robbery and for conspiracy to commit first degree robbery.  To convict them of hindering the prosecution of King and Murray under these circumstances would, in essence, be convicting them of hindering their own prosecution, which is prohibited by <u>Washington [v. State</u>, 567 So. 2d 281 (Ala. Crim. App. 1990)].  Thus, this conviction must be reversed and the case remanded."

644 So. 2d at 1274.  Similarly, the Court of Criminal Appeals correctly reasoned in <u>Davenport</u>:

> "[T]he appellant was convicted of manslaughter for the death of the victim. Because the hindering prosecution charge arose from the same facts as those supporting the manslaughter conviction, she

15

1130271

> could not properly be convicted of both manslaughter
> and first-degree hindering prosecution."

968 So. 2d at 36.

It is critical to note, however, that <u>Goodwin</u> and <u>Davenport</u> simply were postured differently than the present case, and it is this difference in my view that justifies, indeed requires, a different result in the present case. That difference is this: Both <u>Goodwin</u> and <u>Davenport</u> were cases in which the defendants were prosecuted as both principals and "hinderers" at the same time and under circumstances in which the State was sufficiently aware of the evidence tending to prove that the defendants acted as principals in the very crimes in relation to which the State simultaneously sought to prosecute them as "hinderers." Here, at the time it prosecuted Margie Morgan Kelley for hindering, the State was unaware of the evidence implicating her as a principal.

Whether the restraining principle at play in <u>Goodwin</u> and <u>Davenport</u> be considered double jeopardy (in which case the exception identified below would be more directly applicable) or judicial or collateral estoppel (in which case, given the connection between estoppel doctrines and double jeopardy in

16

the criminal context,[2] it would apply by analogy), I believe there is an exception to the restraining principle that should apply here. Specifically, the United States Supreme Court has held that, even in a case in which the Double Jeopardy Clause itself otherwise would apply because the defendant had already been prosecuted for a lesser-included offense, an exception to that bar exists "when the facts necessary to the greater offense were not discovered despite the exercise of due diligence before the first trial." Jeffers v. United States, 432 U.S. 137, 152 (1996) (citing Brown v. Ohio, 432 U.S. 161, 169 n. 7 (1977); Blackledge v. Perry, 417 U.S. 21, 28-29 and n. 7 (1974); Diaz v. United States, 223 U.S. 442 (1912); and Ashe v. Swenson, 397 U.S. 436, 453 n. 7 (1970)). This "exception" is properly extended to the holdings in Goodwin and Davenport and explains why Kelley's prosecution in the present case is not barred as were the prosecutions in those cases.

---

[2]See Ex parte Howard, 710 So. 2d 460, 463 (Ala. 1997) (quoting S.W. v. State, 703 So. 2d 427 (Ala. Crim. App. 1997), and citing Ashe v. Swenson, 397 U.S. 436 (1970), and United States v. Sanchez, 992 F.2d 1143, 1154 (11th Cir. 1993), on reconsideration, 3 F.3d 366 (11th Cir. 1994)).

1130271

Based on the foregoing, I concur in the result reached by the main opinion.